## JOHN E. GIFFEN *v.* JOHN BARR.

*Practice.   Chattel Mortgage.   Act of 1882, No. 69, s. 2.*
*Pleading.   Exemplary Damages.*

1.  If evidence is legitimate when it is received, its admission is not error, although in the course of the trial it becomes immaterial.

2.  In an action upon the Act of 1882, No. 69, section 2, to recover the penalty and damages for failure to discharge a chattel mortgage, evidence was admissible to show the amount of usury in the mortgage note, as bearing on the question of payment of the note, and defendant's duty to discharge the mortgage.

3.  In an action based upon section 2, No. 69, Acts of 1882, allowing for failure to discharge a chattel mortgage after performance of its condition, a recovery of "ten dollars for such neglect and all damages occasioned thereby," it is not necessary to declare in two counts, one for the penalty and the other for the damages; but a count including both, at most, would only be open to the fault of duplicity, which could only be taken advantage of by demurrer, and not by exception.

4.  Under the general allegation of "other damages," the plaintiff could recover only such as were the natural consequences of the defendant's refusal to discharge the mortgage; but he could not recover for damages resulting from the defendant's false declarations as to the mortgage.

5.  As the action is based upon the statute, which limits the damages to $10, and all damages occasioned by the neglect to discharge the mortgage, exemplary damages are not recoverable.

6.  The jury were allowed to give exemplary damages; but the plaintiff was permitted to hold his judgment for the penalty, on condition that he remitted all above $10.

ACTION on the case to recover a penalty and damages for not discharging a chattel mortgage, as provided by the Act of 1882, No. 69. Trial by jury, December Term, 1887, TAFT, J., presiding. One question was when the application of payments, especially a quantity of hay, should be made. The defendant drew the hay away after the commencement of the suit; but the plaintiff's evidence tended to show that defendant was to take the hay in full payment before it was

removed from the barn, and the jury were instructed that, unless they found that the hay was to be applied, as the plaintiff claimed, they would find for the defendant.

The evidence tended to show that after the note had been paid, as the plaintiff claimed, and a demand made upon the defendant to discharge the mortgage ; that the defendant told the plaintiff that Mr. Sulloway, in St. Johnsbury, had the mortgage ; that the plaintiff went to St. Johnsbury and found that Sulloway did not have it, and upon going again to the defendant, was told by him that he had discharged it ; that the plaintiff went to the Hardwick town clerk's office to ascertain if he had done so, and found that he had not.

*L. D. Hathaway* and *J. P. Lamson*, for the defendant.

It was error to admit the evidence as to the usury.

The error was not remedied by what the court said afterwards. *State* v. *Meader*, 54 Vt. 126.

It was error to admit the evidence as to the damages. In order to recover damages there should be two counts.

It was error to allow exemplary damages. *Sewing Machine Co.* v. *Weeks*, 49 Vt. 342 ; *Burnham* v. *Jenness*, 54 Vt. 272 ; *Burnett* v. *Ward*, 42 Vt. 80 ; *Spaulding* v. *Cook*, 48 Vt. 145 ; *Sherman* v. *Johnson*, 58 Vt. 40 ; *Lombard* v. *Batchelder*, 58 Vt. 558.

Again, the plaintiff did not claim exemplary damages in opening his case. *Edwards* v. *Leavitt*, 46 Vt. 126.

*Wilson & Powers*, for the plaintiff.

The evidence of the $45 was admissible. *Day* v. *Cummings*, 19 Vt. 496 ; *Ward* v. *Whitney*, 32 Vt. 89 ; *Davis* v. *Converse*, 35 Vt. 503 ; *Ewing* v. *Griswold*, 43 Vt. 400 ; *Blair* v. *Ellsworth*, 55 Vt. 417. So was the evidence as to the damage. It was caused by the defendant's wrong. 2 Greenl. Ev. s. 254 ; *Green* v. *Donaldson*, 16 Vt. 162.

This evidence was clearly admissible on the question of exemplary damages. Sedgwick, Damages, 466 ; *Earl* v.

*Tupper*, 45 Vt. 275; *Burnham* v. *Jenness*, 54 Vt. 272; *Camp* v. *Camp*, 59 Vt. 667.

The only question as to the allowance of exemplary damages raised by the exceptions, is whether they are allowable when not claimed by the plaintiff's counsel in the opening argument. The exceptions do not show but that they were so claimed. *Isham* v. *Eggleston*, 2 Vt. 270; *Green* v. *Donaldson, supra; Burnham* v. *Jenness,* 54 Vt. 272; *Eames* v. *Brattleboro*, 54 Vt. 471.

It has been repeatedly held in this State that defendant's liability to the imposition of a fine in a criminal prosecution is no bar to exemplary damages in a civil suit for the same cause. *Edwards* v. *Leavitt*, 46 Vt. 126; *Hoadley* v. *Watson*, 45 Vt. 289.

The opinion of the court was delivered by

Ross, J. I. The amount of the debt secured by the chattel mortgage legally due from the plaintiff to the defendant was necessarily involved in determining whether the plaintiff had fully paid it before demanding that the defendant should discharge the mortgage. If, as claimed by the plaintiff, usury was included in the note secured by the mortgage, he was entitled to show the amount of such usury to enable the jury to determine whether he had fully paid all that was legally due from him to the defendant thereon before he called upon the defendant to discharge the mortgage. Hence, it was not error to admit evidence tending to show that usury was included in the mortgage note. The fact that it became, afterwards in the course of the trial, immaterial to the issue whether usury was or was not included in the mortgage note, did not render the admission of evidence legitimate at the time it was admitted erroneous. This exception is not sustained.

II. The defendant excepted to the admission of any evidence tending to show that the plaintiff had suffered any damages beyond the penalty prescribed by the statute, claiming that the declaration should contain separate counts, one declaring for

the penalty and another for damages. We do not think that this exception is well taken. The action is upon sec. 2 of No. 69 of the Acts of 1882. That section of the act makes it the duty of the mortgagee, after the performance of the condition of a mortgage of personal property, within ten days after being thereto requested by any person entitled to redeem, to discharge the mortgage, and prescribes that for a failure to discharge the mortgage within the time limited, the person entitled to redeem may recover of the person whose duty it is to discharge the mortgage, ten dollars and all damages occasioned thereby, in an action on the case. In declaring upon this provision of the statute, the necessity for separate counts for the ten dollars, the fixed damages, and for all damages occasioned thereby, is not apparent. The fixed damages, or penalty, and all damages occasioned thereby, arise from the same state of facts. It cannot be necessary to repeat the same facts in two counts, closing one with a demand to recover the ten dollars, and the other with a demand to recover all damages, when the right to recover both is given by the same section of the statute and upon exactly the same facts. But if two counts were strictly necessary, one for the fixed and another for the actual damages, including both in one count could not be taken advantage of by exception to the admission of the evidence. At most it would be open to the fault of duplicity in pleading, which must be taken advantage of by demurrer.

III. The declaration counts upon the recovery of " ten dollars and other damages occasioned " by the defendant's alleged refusal or neglect to discharge the mortgage. Under the allegation of " other damages," the plaintiff could recover only such damages as were the natural consequences of the refusal. The plaintiff's time and expenses in going to St. Johnsbury to see Mr. Sulloway did not flow as a natural consequence from the defendant's neglect to discharge the mortgage, but rather from the false declaration that Mr. Sulloway had the mortgage. By the terms of the statute (Sec. 2, Act 1882), it was the

defendant's duty to discharge the mortgage, not upon the mortgage but upon the record thereof, at the town clerk's office. Hence, the town clerk's office was the place where the plaintiff should have gone to determine whether the mortgage had been discharged. His journey to St. Johnsbury induced by the defendant's falsehood, was special damage, if any, and could only be recovered, if at all, upon a special allegation therefor. It was error to receive this evidence against the defendant's exception upon the general allegation of " other damages," which could only mean the damages naturally arising from the defendant's neglect to discharge the mortgage.

IV. But it is claimed that this evidence was admissible upon the question of exemplary damages. If such damages were recoverable in this form of action, it would be admissible upon that branch of the case. But the court did not confine it to that branch of the case, but told the jury that the plaintiff might recover the damages he sustained in going to St. Johnsbury, which, as we have held, was error.

At the trial the defendant contended that exemplary damages could not be recovered in this action and excepted to the holding of the court to the contrary. We think this holding was error. Whether the plaintiff might not have maintained a common law action for the neglect or refusal of the defendant to discharge the mortgage upon proper request after the mortgage was satisfied, and in such action have recovered upon proof of willful neglect, exemplary damages need not be determined. This is not such an action, but an action upon the statute, by which, for the refusal or neglect to discharge the mortgage upon the record, for a limited time, after a proper request, the plaintiff was entitled to recover a fixed sum, ten dollars, and " all damages occasioned " by the neglect or refusal. The fixed sum of ten dollars was evidently intended as the limit of the damages recoverable for the neglect or refusal above " all damages occasioned thereby." Exemplary damages are based upon the willful misconduct of the defendant in the transaction, are not recoverable as a matter of right, are largely in the

sound discretion of the jury, and cannot be said to be damages occasioned by the neglect or refusal of the defendant. Having based his action upon the statute, the plaintiff must be confined in recovery of damages to the limits given by the statute. Hence, in this form of action, based as it is upon the statute, it was error for the court to tell the jury that the plaintiff could recover exemplary damages, if he showed he was entitled to any actual damages. For these errors the judgment of the County Court must be reversed. But as these errors do not touch the plaintiff's right to recover the ten dollars named in the statute, the plaintiff would on the record still be entitled to judgment for that sum, if he should remit all above that sum.

The judgment of the County Court is reversed; and if the plaintiff shall remit all damages above ten dollars within ten days from the filing of this entry then judgment is rendered for the plaintiff to recover ten dollars and his costs less the defendant's costs in this court. On the plaintiff's failure to remit the damages above ten dollars within the time named, the case is remanded for a new trial.

POWERS, J., did not sit in the case.