## J. IRVING PEARCE, IMP'D, ETC.,
### v.
## THE BRYANT COAL COMPANY.

*Trust Deeds—When Trustee Must Release—Bonds.*

The trustee is bound to release a trust deed given to secure bonds issued by the grantor, when every person interested in both the debt and the property incumbered request such release, such request being indorsed on each bond, although the bonds are not canceled.

[Opinion filed February 17, 1887.]

APPEAL from the Circuit Court of Fulton County; the Hon. JOHN C. BAGBY, Judge, presiding.

Messrs. GRAY & WAGGONER and McCAGG & CULVER, for appellant.

Mr. W. C. GOUDY, for appellee.

CONGER, J. The facts necessary to an understanding of this case are as follows: June 15, 1874, the Forsythe Coal Mining Company, being indebted to the Haskell & Barker Car Company, executed to the latter company thirty-five bonds of $1,000 each, payable in three years, with interest at ten per cent. per annum, payable semi-annually on the 15th of December and June of each year, evidenced by coupons attached thereto, and at the same time executed a deed of trust upon certain property to secure said bonds to appellant, J. Irving Pearce, as trustee.

The bonds were not paid when due, and on the 15th of June, 1877, the coal company issued a promissory note for $35,000 to the Haskell & Barker Car Company, due in one year, with interest at ten per cent. per annum, payable semi-annually, and at the same time executed a deed of trust to

Henry T. Haskell to secure the promissory note. The car company retained the unpaid bonds and the first deed of trust as security for the debt.

The property conveyed by each of these two deeds of trust was the same and the indebtedness was the same; the transaction amounted to an extension for the payment of the debt one year.

Default was made in payment of the debt, and on the 22d day of August, 1878, Henry T. Haskell, the trustee in the second deed of trust, under the power of sale therein, sold and conveyed the property to the Haskell & Barker Car Company for $23,000, and credited that amount on the promissory note.

December 20, 1878, the Haskell & Barker Car Company sold and conveyed all of the property to William C. Goudy and S. Corning Judd, and at the same time. and as a part of the same transaction, the car company sold and delivered the thirty-five bonds and the promissory note to them.

January 15, 1879, Goudy and Judd sold and conveyed the property to the Bryant Coal Company whereby that company became the owner of the real estate described in the deeds of trust, subject to the incumbrance appearing unreleased on the record for the thirty-five bonds and the note for $35,000.

July 6, 1882, the Bryant Coal Company procured the consent of Goudy and Judd, then the holders and owners of the thirty-five bonds, to the release of the mortgaged property, and at the same time said company obtained resolutions passed by its board of directors, requesting Pearce, the trustee, to release the property from the deed of trust to him, in which request the Forsythe Coal Mining Company joined. Pearce was requested, a number of times, to execute such a release, but he failed to do so, and on the 23d of March, 1883, a certified copy of the resolutions requesting the release, with the consent of the Forsythe Coal Mining Company and also of Goudy and Judd, were formally presented to Pearce, and the offer made to pay him his reasonable costs, expenses and charges, and requesting him to execute a release of all of the property. Pearce refused to make the release.

A short time after May 3, 1882, the following letter was

Pearce v. Bryant Coal Co.

presented to Pearce by Judd, and at the same time the bonds held by Goudy and Judd were shown him with a request indorsed on each bond that he would release the trust deed.

"Chicago, May 3, 1882.

"*F. Irving Pearce, Esq., Chicago:*

"We are the holders of thirty-five (35) bonds issued by the Forsythe Coal Mining Company, bearing date June 15, 1874, falling due June 15, 1877, which are secured by a deed of trust executed by said company to you, and desire to have the property described in said deed of trust released. We therefore produce to you the bonds to show the fact of ownership, with our indorsement thereon requesting such release, and ask that you sign a proper release of such trust deed.

(Signed) "William C. Goudy,
"S. C. Judd."

On the 29th of March, 1882, the present bill was filed by the Bryant Coal Company setting up the foregoing facts, and praying for a decree requiring Pearce to execute a release.

To the bill Pearce filed an answer and also a cross-bill, alleging that he had, at the request of the Forsythe Coal Company, taken up the first set of coupons upon the thirty-five bonds, paying therefor $1,750, and had never been repaid by any one; and, secondly, giving as a reason for not releasing the trust deed that he had no right to do so upon any other terms than the absolute cancellation of Goudy and Judd of the bonds held by them, and, secondly, the trust deed; and these are the questions involved.

It satisfactorily appears from the evidence that Pearce did pay, as he claims—these coupons—but it is insisted that he was repaid by Mr. Bryant, the treasurer and general manager of the coal company.

Upon this question the evidence is conflicting; but upon a careful consideration of the evidence we see no reason for disturbing the conclusion reached in the court below, that such repayment had been made.

If repayment of these coupons to Pearce was made, it then becomes unnecessary to notice the point made in the argument as to whether Pearce paid these coupons for the coal

company and thereby became an ordinary creditor, or, on the other hand, purchased the coupons with the right of having them secured and protected by the trust deed.

The second reason given by the trustee for refusing to release the trust deed is not valid.

He was requested by every party interested both in the deed and the property incumbered to release the trust deed. He was tendered the necessary expenses and the bonds themselves were presented to him, showing upon their face that they were past due, and a written request indorsed on each bond that he should execute the release.

This was all that was necessary to protect the trustee and to require him to release. The parties had a right to keep the bonds alive as the obligations of the coal company, if they desired, and the trustee had no right to insist that they should be canceled.

When the indorsement was placed on each bond requesting the trustee to release the trust deed, it was a complete protection to the trustee for complying with such request, against any and every subsequent holder of such bonds. The decree of the Circuit Court will be affirmed.

*Decree affirmed.*