SHIELDS, Respondent, vs. KLOPF, imp., Appellant.

*November 1 — November 22, 1887.*

*Mortgages: Payment: Refusal to discharge: Penalty; Exemplary damages: Parties: Good faith: Sunday laws.*

1. Where the mortgagor has paid the amount demanded in satisfaction of the mortgage debt and the mortgagee has accepted the same as full payment, the mortgagor is entitled to have the mortgage discharged, and upon the mortgagee's refusal to discharge it may maintain an action for the damages given by sec. 2256, R. S. *Stone v. Lannon,* 6 Wis. 497, distinguished.

2. The "one hundred dollars damages" given by sec. 2256, R. S., is neither a fine nor a forfeiture, but merely exemplary damages; and the state is therefore not a necessary party plaintiff.

3. The mortgagee may be liable for the damages given by sec. 2256, R. S., even though in refusing to discharge the mortgage he acted in good faith and in the honest belief that the mortgage debt was not paid. *Cohn v. Neeves,* 40 Wis. 393, distinguished.

4. Payment on Sunday, if the money is retained, discharges the debt.

Shields vs. Klopf, imp.

APPEAL from the Circuit Court for *Clark* County.

This action was brought under sec. 2256, R. S., to recover the damages therein prescribed for the refusal of the defendants to discharge a certain mortgage on real estate, executed by the plaintiff to one Amidon, and by the latter duly assigned to the defendants, which mortgage it is alleged was theretofore paid.

On the trial the plaintiff testified that on. or about April 1, 1877, he paid the mortgage debt to the defendant *Klopf*, who then surrendered to him the mortgage, and he thought the promissory note accompanying the same. The plaintiff produced the mortgage upon the trial. He was unable to find the note. The defendant *Klopf* testified that such payment was never made to him, and denied the surrender of the mortgage and note. Both defendants testified that they had such note as late as 1882, but that the same was lost.

The court submitted to the jury the disputed question as to whether the mortgage debt had been paid, and instructed them that the question of the good faith of the defendants in refusing to discharge the mortgage was not in the case. The jury were also instructed that if they found for the plaintiff, he was entitled to recover $100 damages as specified in the statute, and a nominal sum only for actual damages, none having been proved. The jury found for the plaintiff and assessed his damages at $100 penalty, and six cents actual damages. A motion for a new trial was denied and judgment for the plaintiff entered pursuant to the verdict. The defendant *Klopf* appeals from such judgment.

*R. J. MacBride*, for the appellant, contended, *inter alia*, that payment of the debt on Sunday was "business" within the prohibition of sec. 4595, R. S., and the plaintiff cannot make such illegal act the basis for this action. *Troewert v. Decker*, 51 Wis. 46; *De Forth v. Wis. & Minn. R. Co.* 52 id.

320; *Clapp v. Hale*, 112 Mass. 368. The statute, being penal in its nature, must be strictly construed. The penalty should not be imposed if the refusal to discharge the mortgage was the result of an honest doubt. Potter's Dwarris, 245; *Haubert v. Haworth*, 9 Phila. 123; *Collar v. Harrison*, 28 Mich. 518; *Emerson v. Gilman*, 44 N. H. 235; *Lewis v. Conover*, 21 N. J. Eq. 230; *Cohn v. Neeves*, 40 Wis. 393; *The Enterprise*, 1 Paine, 32; *Chase v. N. Y. C. R. Co.* 26 N. Y. 523; *U. S. v. Kirby*, 7 Wall. 486–7. See, also, *Montgomery v. Breed*, 34 Wis. 649; *Allen v. Young*, 76 Me. 80; *State v. Cutter*, 36 N. J. Law, 125; *Halsted v. State*, 41 id. 552; *Folwell v. State*, 49 id. 31; *Julian v. W. U. T. Co.* 98 Ind. 327; *Butler v. Cook*, 14 Ala. 576; *Low v. Hall*, 47 N. Y. 104; *Campbell v. Beck*, 50 Ill. 171; *Hearne v. Garton*, 2 El. & El. 66; *Bowman v. Blyth*, 7 El. & Bl. 26; *Taylor v. Newman*, 4 Best & S. 89; *Regina v. Sleep*, Leigh & C. 44; *Rider v. Wood*, 2 El. & El. 338.

*I. W. Mason*, for the respondent.

LYON, J. The statute under which this action was brought reads as follows: "Section 2256. If any mortgagee, his personal representative or assignee, after a full performance of the conditions of the mortgage, whether before or after a breach thereof, shall, for the space of seven days after being thereto requested, and after tender of his reasonable charges, refuse or neglect to discharge the same as provided in this chapter, or to execute and acknowledge a certificate of discharge or release thereof, he shall be liable to the mortgagor, his heirs or assigns, in the sum of one hundred dollars damages, and also for actual damages occasioned by such neglect or refusal, to be recovered in an action."

1. There was abundant testimony on the trial to support the finding of the jury that the mortgage in question had been fully paid as claimed by the plaintiff. Counsel for the

appellant argues, however, that the amount which the defendant testified he paid on account of the mortgage did not equal the amount due thereon for principal and interest. · Hence he says there was not "a full performance of the conditions of the mortgage," and the defendants have not incurred the penalty of the statute. In support of this contention he cites *Stone v. Lannon*, 6 Wis. 497. In that case only a part of the mortgage debt was paid, and there was an unfulfilled agreement on the part of the mortgagor, when the action was brought, to pay the residue. WHITON, C. J., delivering the opinion of the court, said: "Now it cannot be said that the condition of the mortgage was fully performed, because the testimony shows that a further sum was to be paid by Dunn, the mortgagor." The mortgagee had agreed with Dunn to discharge the mortgage on such partial payment, but this executory agreement was held void for want of a consideration. The decision was made upon the hypothetical case that the agreement was valid. There was another very significant fact in that case not noticed in the opinion. The mortgagee tendered performance of his executory agreement to discharge the mortgage by tendering such discharge to Dunn, the mortgagor, and to one Cleary, the grantor of the plaintiff, who then owned the mortgaged premises. Neither of them would accept such discharge. In the present case the testimony tends to show that the plaintiff paid to the appellant all that he demanded in satisfaction of the mortgage debt, and the appellant accepted the same in full payment thereof. Under these circumstances it is clear that the case is not ruled by that of *Stone v. Lannon*, and that there was a full performance of the conditions of the mortgage.

2. Counsel for the appellant further maintains that the testimony of the plaintiff shows the alleged payment to have been made on a Sunday, in contravention of the statute in that behalf (sec. 4595, R. S.), hence that he cannot

be heard to allege such payment, because by so doing he claims the benefit of an illegal act. The point is not well taken. It is settled that money paid on Sunday, and retained, discharges the debt. *Johnson v. Willis*, 7 Gray, 164. Indeed no case has been cited to the contrary, and we do not recollect to have seen such a case. In the case last cited it is said: " It is not on the part of the defendant an attempt to enforce a contract made on Sunday, but a resistance of a claim unjustly set up against right by showing that nothing is due thereon." (Per DEWEY, J.)

3. A demurrer to the complaint for defect of parties was interposed and overruled. It was claimed that the statute under which the action was brought in effect imposes a fine or forfeiture, the clear proceeds of which belong to the school fund by virtue of the constitution (art. X, sec. 2), and hence that the state of Wisconsin should have been made a party plaintiff in the action, pursuant to R. S. secs. 3295, 3297. We think this objection is not well taken. . The " one hundred dollars damages " given by statute is neither a fine nor a forfeiture; it is nothing more than exemplary or punitory damages, which the successful plaintiff recovers in the action in addition to his actual damages.

4. The only remaining question to be considered is whether the element of good faith is involved in the action, that is to say, whether the defendants can be held liable for the penalty of the statute if they honestly believed that the mortgage debt was still unpaid when the discharge of the mortgage was demanded of them. As a general rule, no doubt, the penalties of the law are aimed against those who wilfully and knowingly violate its requirements. Cases are not wanting in which this rule has been applied to penal statutes from which the words *wilfully, knowingly*, and the like, as descriptive of the offense or prohibited act, have been omitted. *Cohn v. Neeves*, 40 Wis. 393, belongs to this class. That was an action to recover treble damages for

the conversion of logs. The statute under which the action was brought (sec. 5, ch. 42, Tay. Stats.) provided that "whoever shall convert to his own use, without the consent of the owner thereof, any logs, timber, boards, or planks floating in any of the waters of this state, or lying on the banks or shores of such waters, or on any island whereon the same may have drifted, except, as in this chapter provided for, shall be liable to the owner thereof in treble the amount of damages." It was held, notwithstanding the general language of the statute was sufficiently broad, if literally interpreted, to include any conversion, yet the statute should be expounded according to its fair meaning and true intent. The present chief justice, delivering the opinion of the court, said: "Observing this rule of interpretation, looking at the object and purpose of the statute, we cannot think it was intended to apply to every conversion of this kind of property, situated or found as described, without regard to the question whether the conversion was wanton and wilful or not." A perusal of the opinion will show that the court reached its conclusion because of certain other provisions in the same statute which indicate the intention of the legislature that it should be so construed.

It is entirely competent for the legislature to impose a penalty for the refusal to discharge a mortgage, regardless of the good or bad faith of the holder thereof. On the authority of *Cohn v. Neeves*, we must look into the statute itself, which is general in its terms, to ascertain whether the legislature intended that it should be restricted in its operation to those wilfully offending against it. We find in sec. 2256 a satisfactory indication that the general language of the statute was intended to operate without restriction and without regard to the good or bad faith of the holder of the mortgage. The statute gives to any person upon whom the demand is made to discharge a mortgage, seven days in which to determine whether he will discharge it or not. If

the application of the statute is to be limited to those only who wilfully and knowingly refuse to discharge a mortgage, it is fair to presume that no days of grace would have been given. The seven days were undoubtedly given to enable the person upon whom such demand has been made, if he doubts whether the mortgage has been paid, to ascertain the facts for himself. After the expiration of that time he acts at his peril of the fact, and if the mortgage has been paid and he refuses to discharge it he is subject to the penalty of the statute.

In the present case the jury must have found that the mortgage debt was paid personally to the appellant. Such being the case, it is difficult to perceive how he can successfully maintain that he refused in good faith to discharge the mortgage, believing that the debt was not paid.

Upon the whole case we find no sufficient grounds for disturbing the judgment.

*By the Court.*— Judgment affirmed.