[No. 1516.   Decided December 5, 1894.]

FRANK A. HOWARD, *Appellant, v.* SEATTLE NATIONAL BANK, *Respondent.*

TRUST—ACTION FOR CONVERSION—PLEADING.

In an action to recover from a bank the value of a note and mortgage assigned to it as collateral security, the complaint is proof against a general demurrer when it sets out the execution of the note and mortgage to plaintiff, with a description of the property mortgaged, and alleges that the note and mortgage were assigned to defendant in trust, according to the terms of a contract accepted by the defendant, whereby defendant should collect said note and out of the proceeds pay certain indebtedness of the plaintiff to itself and others, and deliver the balance of the moneys collected thereunder to plaintiff; that on a certain day, in violation of said contract, and without plaintiff's consent,the defendant sold and assigned said note and mortgage and converted the same to its own use, refusing upon demand either to return the note and mortgage or to pay over to plaintiff the amount as due thereunder.

A complaint is not demurrable because the prayer for judgment is for a larger amount than is warranted by the facts.

*Appeal from Superior Court, King County.*

*W. I. Agnew,* for appellant.

*Carr & Preston* and *W. R. Bell,* for respondent.

The opinion of the court was delivered by

HOYT, J.—Omitting therefrom certain paragraphs as to the corporate capacity of the defendant, the execution and delivery to plaintiff of the note in controversy, and one describing the property covered by the mortgage given to secure its payment, the complaint in this action was substantially as follows :

III.   "That on the 17th day of August, A. D. 1891, the plaintiff, Frank A. Howard, assigned said note and mortgage hereinbefore described to one S. S. Morrison, of Forest City, Iowa, in trust to secure a note executed by the said plaintiff, Frank A. Howard, to the said Morrison, for the sum of fourteen hundred and thirty dollars ($1,430.00) and

interest thereon. That thereafter the said Morrison assigned said note and mortgage to the Seattle National Bank, upon conditions hereinafter set out and upon that certain consent being given to such assignment as hereinafter set out by the said Frank A. Howard, plaintiff, and that said defendant the Seattle National Bank became the holder of said note and mortgage hereinbefore first described as trustee for the purpose of collecting the amount due upon said note and mortgage, namely, the sum of ten thousand and eighty-one and seventy-six hundredths ($10,081.76) dollars and interest thereon at ten per cent. per annum from the 1st day of June, A. D. 1891. That the plaintiff at the time of ratifying the assignment as made by said Morrison, made and executed a contract with said Seattle National Bank on or about the 16th day of January, 1893, under and pursuant to the terms of which contract it was agreed by and between the plaintiff, Frank A. Howard, and the defendant, the Seattle National Bank, that the said Seattle National Bank should pay to the said Morrison any and all sums due the said Morrison under and by virtue of the assignment and note held by him against the said Howard as hereinbefore set out. And further that the defendant, the said Seattle National Bank, should accept and hold said mortgage and note hereinbefore first described and collect said note and mortgage or so much thereof as might be necessary to pay to one Millard Lemon the sum of four hundred thirty-four and fifteen hundredths ($434.15) dollars, executed by the said Howard to the said Millard Lemon, the said Seattle National Bank being the trustee of said Lemon for the purpose of making such payment; and further to pay or cause to be paid out of the proceeds of said mortgage when collection was made thereupon to the defendant, the said Seattle National Bank, the sum of one thousand two hundred ten and forty-five hundredths ($1,210.45) dollars and that upon the payment of said sums as hereinbefore set out, out of the proceeds of said mortgage and note the said Seattle National Bank, defendant, was to deliver up and surrender to the said plaintiff, Frank A. Howard, the balance of moneys collected upon said mortgage and as due thereunder; and at the time of making said contract the plaintiff, Frank A. Howard, delivered to said bank a certificate and memoranda of the agreement as made by them, a copy of which is hereto attached, marked 'Exhibit A' and made a part hereof.

IV.    "That on the 10th day of February, 1893, the defendant, in violation of the terms of said contract as herein-

before set out, and for the purpose of cheating and defrauding this plaintiff, and without any consent and against the plaintiff's wish, desire and authority and unlawfully, the said defendant, the Seattle National Bank, sold and assigned said note and mortgage hereinbefore described and converted the same to its own use and benefit.

V.   "That demand has been made upon the defendant to return either the note and mortgage hereinbefore first described to this plaintiff or to pay over and deliver to this plaintiff the amount as due thereunder, but that the defendant refused and still refuses to comply with either of said demands.

VI.   "That there is now due upon said note and mortgage hereinbefore described, the sum of ten thousand eighty-one and seventy-six hundredths ($10,081.76) dollars, and interest thereon at ten per cent. per annum in favor of the plaintiff, from and after the 1st day of June, A. D. 1891, and that the plaintiff has been damaged by the wrongful and tortious act of the defendant in said sum.

"Wherefore, the plaintiff demands judgment against the defendant, the Seattle National Bank, for the sum of ten thousand eighty-one and seventy-six hundredths ($10,-081.76) dollars, and interest thereon at ten per cent. per annum from and after the 1st day of June, A. D. 1891, and for costs and disbursements of this action."

To such complaint a demurer was interposed, which was sustained, and the plaintiff electing to stand thereon, judgment was entered for the defendant, from which this appeal has been prosecuted.

It will be seen, from the language of the complaint, that it was not as carefully drawn as it should have been. It contains repetitions and unnecessary statements, and there is some uncertainty in the statement of the facts relied upon. But, under well settled rules, as to the testing of complaints by general demurrer, imperfections of this kind would not warrant the action taken. When a complaint is so tested it is the duty of the court to look at it as a whole, and if therefrom facts are made to appear which *prima facie* establish a liability on the part of the defendant in favor of the plaintiff, the demurrer should be overruled. Interpreted under this rule this complaint alleged sufficient

facts to warrant the entry of a judgment against the defendant.

If we could agree with the contention of the respondent that it did not appear that it was a party to the instrument in writing set out in the complaint we should come to a different conclusion. But enough appeared to show that such instrument had been accepted by the respondent. And if it had, it was bound by its terms, and after such acceptance held the note in question subject to its provisions. And in our opinion the respondent was by virtue of such provisions constituted a trustee for the plaintiff and for the owners of the notes or claims, the payment of which was by the terms of such instrument to be secured by the note in question. If such was the capacity in which the note was held, it could not be transferred by the respondent upon its own motion. If it held it simply as trustee, the beneficiaries had a right to have the trust executed by it, and without their consent the relation could not be changed.

It is directly alleged that defendant had disposed of the note, and if it had, it had violated its duty to the plaintiff, and while it is true that the value of the note is nowhere directly alleged, we think enough appears to show an intent to claim that it was of the value expressed upon its face. And while it is further true that the allegations as to demand were not as positive and direct as good pleading would require, yet when tested only by general demurrer they were sufficient to put the defendant to its proofs. The prayer for judgment may have been for a larger amount than the facts warranted, but that would furnish no reason for sustaining the demurrer. The complaint, though evidently open to attack by motion, was invincible when tested by general demurrer.

Judgment will be reversed, and the cause remanded for further proceedings in accordance with this opinion.

DUNBAR, C. J., and SCOTT and STILES, JJ., concur.

OPINION ON PETITION FOR REHEARING.

HOYT, J.—In its petition for rehearing respondent claims that there are expressions in the opinion which might pre-

vent a full presentation of the case in the superior court. It was not the intention to hold more than that such facts were alleged in the complaint that it was error to sustain a general demurrer thereto, and thus prevent a trial upon the merits. There was no intention to restrict the further proceedings in the cause. If anything was said which warrants any other construction, it is hereby modified. The cause will be remanded for further proceedings with leave to plaintiff to file an amended complaint, or if he elects to stand upon the old one, the defendant shall have the right to attack it by motion or special demurrer should it desire so to do.

With this modification of the original opinion, and of the judgment to be entered here upon reversal, there will be no necessity for a rehearing upon the grounds stated in the petition therefor, and it will be denied.

DUNBAR, C. J., and STILES, J., concur.