LUCY A. GUNNELL, Appellant, v. LUKE M. EMERSON, Respondent.

73  291,
s80  324,
73  291
102  ²512

St. Louis Court of Appeals, January 18, 1898.

1. **Chattel Mortgage**: SUPPLEMENTAL CONTRACT: WAIVER: CONSIDERATION. By the execution of a contract supplemental to a chattel mortgage, and the surrender of possession of the mortgaged property to defendant, plaintiff waived her equitable right of redemption and to sue for its enforcement, which was a sufficient consideration to support the contract.

2. ————: ————: TRUSTEE OF EXPRESS TRUST: PARTIES. Under a contract between plaintiff and defendant, for the benefit of another, with reference to the mortgaged property, plaintiff was the trustee of an express trust with authority to sue in her own name.

*Appeal from the Pike Circuit Court.*—HON. REUBEN F. ROY, Judge.

REVERSED AND REMANDED.

*E. W. Major* and *J. D. Hostetter* for appellant.

According to her testimony plaintiff was in possession of the hotel under such a contract as constituted her, at least, a tenant at will or by sufferance. *Corby v. MacSpadden*, 63 Mo. App. 648.

By her agreement plaintiff surrendered her legal right to have her tenancy terminated by a month's written notice. (R. S. 1889, sec. 6371; *Lyon v. La-Master*, 103 Mo. 614.) The waiver of a legal right by the promisee is a sufficient consideration to support a promise made on account of such waiver. *Vogel v. Meyer*, 23 Mo. App. 427, and citations.

*Pearson & Pearson* for respondent.

Every action must be prosecuted in the name of the real party in interest. R. S. 1889, sec. 1990.

BLAND, P. J.—Mrs. Gunnell instituted a suit against Emerson for the breach of a contract made supplemental to a chattel mortgage executed by Gunnell and wife to Emerson on some hotel furniture. By this supplemental contract Mrs. Gunnell, who was in possession of the property, surrendered the right of her husband and herself to redeem the property from the mortgage and gave possession of it to Emerson; Emerson was to sell the property, take his pay for balance due on the mortgage, and pay the remainder according to the provisions of the mortgage. The mortgage provided that this surplus should be paid to A. J. Gunnell. During the progress of the trial the plaintiff asked leave to make A. J. Gunnell and one Cotty, who held a second mortgage on the furniture executed by A. J. Gunnell alone, parties plaintiff. This the court refused and directed a verdict for the defendant, which was accordingly given and judgment entered thereon, from which plaintiff duly appealed.

It is contended by respondent that the supplemental contract is without consideration to support it.

Not so. Mrs. Gunnell, according to the testimony, was the owner of the property and in possession of it; she had the equitable right to redeem the property from the mortgage by paying the debt and thus defeat the legal title of Emerson; this equity she could have enforced by suit at any time before sale under the mortgage. By the execution of the supplemental contract and the surrender of the possession of the property to Emerson thereunder, she waived her equitable right of redemption and to sue to enforce it. This was a sufficient consideration to support the contract. 1 Parsons on Contracts, p. 444. The property being the property of

*[margin notes: CHATTEL mortgage; supplemental contract: waiver: consideration.]*

*[margin notes: TRUSTEE of express trust: parties.]*

Mrs. Gunnell, the direction in the mortgage that any surplus arising from the sale, after paying costs, debt and interest, should be paid to A. J. Gunnell, taken in connection with the supplemental contract as to the payment of such surplus, constitutes a contract by and between Mrs. Gunnell and Emerson for the benefit of A. J. Gunnell with reference to the property described in the mortgage; under this contract Mrs. Gunnell was the trustee of an express trust and authorized to sue in her own name. R. S. 1889, sec. 1991; *Snider v. Express Co.*, 77 Mo. 523; *Chouteau v. Boughton*, 100 Mo. *loc. cit.* 411; *Harrigan v. Welch*, 49 Mo. App. *loc. cit.* 504. Her husband was not a necessary party to the suit and she should be permitted to prosecute her suit in her own name. Judgment reversed and cause remanded. All concur.