LUCY A. GUNNELL, Respondent, v. L. M. EMERSON, Appellant.

St. Louis Court of Appeals, May 2, 1899.

1. **Action on the Case**: AVERMENTS: PRAYER. In the case at bar the petition contains a plain statement of the cause of action, and it is immaterial what the prayer is. Held, that the trial court may direct such judgment as the averments and facts of the case will warrant.

2. ———: CONTRACT: CONSIDERATION. In the case at bar plaintiff surrendered her right to redeem the property from the mortgage; this was a valuable right and was of itself sufficient to support the contract between her and the defendant.

*Appeal from the Audrain Circuit Court.*—HON.
ELLIOTT M. HUGHES, Judge.

AFFIRMED.

E. W. MAJOR and J. D. HOSTETTER for respondent.

By it the mortgagor waived her right to redeem and the mortgagee agreed to sell the property, pay himself out of the proceeds and account to the mortgagor for the surplus. Besides it is the holding of the courts that where on an appeal the judgment is reversed and the cause remanded, the rulings of the appellate court constitute the law of the case and generally speaking, become *res adjudicata.* Coquard v. Prendergast, 47 Mo. App. 243; Chouteau v. Gibson, 76 Mo. 38; Stillwell v. Glasscock, 47 Mo. App. 554; Bank v. Taylor, 62 Mo. 338. Counsel for appellant also makes an attack on the petition. All the answer that ought to be required, is that the petition is exactly the same as it was when the case was here on a former appeal, where it was held that the petition stated a good cause of action. And this matter also becomes *res adjudicata,* under the authorities above cited. Besides the defendant demurred to the petition which demurrer was overruled. Then he answered over. In which event he waived all objections to the petition, save its sufficiency to support a judgment. Howe v. Ins. Co., 75 Mo. App. 63. It is immaterial what the pleader calls his petition in its caption or otherwise. The court is not bound by his designation of it, but may treat it just as the statement of facts and allegations therein contained, warrant. State ex rel. v. Tittman, 103 Mo. 553, loc. cit. 560. We insist that the judgment is for the right party and ask that it be affirmed.

S. H. KING for appellant.

This contract is a *nudum pactum.* "A promise or agreement to do what one is already bound to do is not a sufficient consideration." Deacon v. Gridley, 15 C. B. 295; Vanderbilt v. Schreyer, 91 N. Y. 392. "Neither the promise to do a thing nor the actual doing of it, will be a good consideration, if it is a thing which the party is bound to do by the general

law, or by a subsisting contract with the other." Vanderbilt v. Schreyer, 91 N. Y. 401, and cases cited. "Nor is the performance of that which the party was under a previous valid objection to do, a sufficient consideration for a new contract." Ibid, p. 401. "It is competent for parties to cancel an existing contract and make a new one, but it is essential to its validity that there should be a cancellation of the original contract." Ib., p. 402. "When the mortgagee is entitled to the possession of the property, the mortgagor having no right to the possession, as against the mortgagee, or his assigns, can not maintain an action in tort in the nature of trover." To maintain trover plaintiff must have a general or special right to immediate possession. 20 Am. and Eng. Ency. of Law, p. 744, 745, and note. Plaintiff must have right to immediate possession to sustain a suit for the conversion of the property. 87 Am. Dec. 1, p. 216. Sale or disposition by mortgagor after condition broken not a conversion. 26 Am. and Eng. Ency. of Law, p. 784. Conversion for value of this property can not be sustained. Lewis v. Mott, 36 N. Y. 401. Plaintiff can not convert or change the transaction into a sale, where the defendant claims the right of possession. 1 Am. and Eng. Ency. of Law, p. 20. The material allegations in action of trover are ownership or possession of the property in the plaintiff, and its wrongful taking and conversion by the defendant. 20 Am. and Eng. Ency. of Law, p. 24. "Mortgagee in possession is only held liable for the actual rents and profits received." 15 Am. and Eng. Ency. of Law, p. 824, citing Murdock v. Clark, 59 Cal. 683. "On statement of account between mortgagee and mortgagors under a bill to redeem a mortgagee in possession will only be charged with rent and profits actually received." Ib., p. 223, citing cases; Gresham v. Ward, 79 Ala. 192.

BIGGS, J.—This case is here for the second time (73 Mo. App. 291). It is an action on the case for damages grow-

Gunnell v. Emerson.

ing out of the refusal and failure of the defendant to sell certain personal property and to account to the plaintiff for the proceeds. The defendant is the owner of an hotel. In September, 1895, the plaintiff rented the hotel at a monthly rental of $50. The plaintiff did not own sufficient furniture to fit up the house. She bought new goods to the amount of $500, and the defendant loaned her the money to pay for them, for which she and her husband gave their joint note. The plaintiff and her husband executed a mortgage on both the old and new furniture to secure the debt. The mortgage contained the usual conditions, and it provided that in case of a sale, the surplus (if any) should be paid to the husband. The note was payable in monthly instalments of $25. On the fifteenth day of December, 1896, there was due on the note $316. On that day the plaintiff and the defendant entered into a written contract in which the plaintiff agreed to deliver and did deliver to defendant the possession of the mortgaged goods and hotel building. In consideration of this the defendant agreed to sell the property as provided in the chattel mortgage and "to account for all sums, after satisfying said debt, costs and expenses of said mortgage sale and in accordance with the mortgage." The defendant failed to sell the goods and appropriated them to his own use. The plaintiff sued for damages on the facts of the case as above stated. On the first trial the circuit court held that there was no consideration for the agreement and that if there was the plaintiff was not the proper party to sue. On appeal we decided both questions against the defendant and reversed the judgment. The second trial resulted in a verdict and judgment for plaintiff for $800. The defendant has appealed and the counsel insists that we reconsider our former decision.

A re-examination of this record has confirmed us in our former opinion. It is true as counsel urges that in the surrender of the property the plaintiff did only what she was under a legal obligation to do, as a portion of the mortgaged

debt was then overdue and unpaid; but in addition to the delivery of the possession, she surrendered her right to redeem the property from the mortgage. This was a valuable right and was sufficient of itself to support the contract between her and the defendant. To this may be added the further consideration of the immediate surrender of the hotel. Neither are we inclined to recede from the further position that in the prosecution of the action the plaintiff must be regarded as the trustee of an express trust. The evidence shows that she was the owner of the property. That provision in the mortgage which provided that the surplus, in case of sale, should be paid to her husband was gratuitous on her part. Taking a view of the evidence most favorable to defendant it must be held that as to the surplus arising from the sale of the property the plaintiff contracted in her own name with the defendant for the benefit of her husband which made her a trustee for him. As such trustee she can maintain this action in her own name. But looking at the question from another standpoint it may very well be argued that the effect of the agreement was to revoke the voluntary and gratuitous disposition of the surplus in case of a sale under the mortgage and to make it payable to plaintiff, who was the sole executive owner of the goods. The decision of this question, however, is not necessary and we do not wish to be understood as deciding it.

The court instructed the jury that under the agreement in question the defendant had a reasonable time thereafter in which to sell the property, and that if he failed to do so within such time, then the plaintiff was to recover the reasonable market value of the goods, less whatever amount remained due on the debt. This was unquestionably a proper instruction as to the measure of damages. No other was admissible. We are not concerned as to the form of the action nor how it should be designated. The petition contains a plain statement

PLEADING. of the cause of action and it is immaterial what the prayer is. The court will direct such judgment as the averments and facts of the case may warrant. This answers the objection that the petition states an action for damages for breach of contract and concludes by alleging a conversion of the mortgaged property. With the concurrence of the other judges, the judgment of the circuit court will be affirmed. It is so ordered.