[No. 11832.   Department Two.   August 13, 1914.]

CHARLES FLESSHER, *Respondent*, v. CARSTENS PACKING COMPANY, *Appellant.*[1]

FOOD—DISEASED MEAT—SALES—ACTIONS—ISSUES.   A complaint alleging that "the defendant negligently and carelessly sold and delivered to plaintiff a certain piece or parcel of poisoned and diseased meat . . . which was then and there unfit for human food, etc." determines the action as one for negligence of defendant in selling diseased meat unfit for human food, and it is error for the court to disregard the allegations of the complaint and instruct the jury that defendant's liability is to be determined under the provisions of the pure food act, Rem. & Bal. Code, §§ 5453, 5455, and to read the same to the jury as the law of the case.

Appeal from a judgment of the superior court for Kitsap county, French, J., entered October 18, 1913, upon the verdict of a jury rendered in favor of the plaintiff, in an action in tort.  Reversed.

*James W. Carr* and *Kerr & McCord*, for appellant.

*Garland & McLane*, for respondent.

MORRIS, J.—Respondent brought this action against appellant to recover damages for injuries alleged to have been sustained by eating diseased dried beef.   He obtained judgment below, and the defendant appeals.

Many errors are urged against the judgment, but from the conclusion we have reached, only one need be noted.   The action is founded upon negligence, it being alleged that "the defendant negligently and carelessly sold and delivered to. Charles Flessher, plaintiff herein, a certain piece or parcel of poisoned and diseased meat known as dried beef, which said meat was then and there unfit for human food and injurious to the life and health of a person eating it."   In submitting the case to the jury, the lower court disregarded the allegations of the complaint, and instructed the jury that

[1]Reported in 142 Pac. 694.

the liability of the defendant was to be determined under the provisions of the pure food act of 1907, providing in § 1, Laws 1907, p. 478 (Rem. & Bal. Code, § 5453; P. C. 195 § 1):

"No person, firm or corporation shall, within this state, sell, offer for sale, have in his possession with intent to sell, or manufacture for sale, any article of food or drug which is adulterated or misbranded within the meaning of this act."

And § 3 (Rem. & Bal. Code, § 5455; P. C. 195 § 5):

"For the purposes of this act an article shall be deemed to be adulterated: . . . In case of food: . . . If it consists in whole or in part of a filthy, decomposed or putrid animal or vegetable substance, or any portion of an animal unfit for food, whether manufactured or not, . . ."

These sections were read to the jury as the law of the case that was to govern them in determining the liability of the defendant. Appellant took exception to the giving of these instructions, and now urges them as error.

It seems to us the exception must be sustained. The character of the action is to be determined from the allegations of the complaint, which alleged, as the only basis for recovery, the negligence of the respondent in selling diseased meat unfit for human food. No mention was made of the pure food statute, nor was any violation of it charged. The case to be submitted to the jury was the one framed by the pleadings and not some other. If respondent desired to submit an issue upon the violation of the pure food act, he should have pleaded and proved it. It was not permissible to go outside the issues as framed to strengthen the one case or weaken the other. *Hoffman v. Watkins*, 78 Wash. 118, 138 Pac. 664; *Acres v. Frederick & Nelson*, 79 Wash. 402, 140 Pac. 370.

We have in this state a statute known as the factory act, providing for the guarding of dangerous machinery. Any workman injured through the negligence of his employer because of the unguarded condition of dangerous machinery

could, until the workmen's compensation act went into effect, maintain a common law action for negligence, or he might sue under the factory act.   But having selected his form of action, he must abide by it.   He could not found his action upon common law negligence, and recover for a violation of the factory act.   The same principle is applicable here.   Whatever remedies may have been afforded respondent because of the act of appellant in selling him diseased meat, the eating of which caused him injury, he selected the common law form of negligence and he must abide by it.   Appellant's liability is to be determined from the proof of the allegations made against it, and not because of the violation of some statute under which no opportunity has been afforded it to frame an issue or make a defense.

For these reasons, we think the case was not properly submitted to the jury, and that appellant's exceptions to the instructions must be sustained.   The judgment is reversed.

CROW, C. J., MOUNT, and PARKER, JJ., concur.