[No. 12565.   Department One.   July 29, 1915.]

## W. H. WISER, *Appellant*, v. NORTHWESTERN IMPROVEMENT COMPANY, *Respondent.*[1]

APPEAL—REVIEW—PRESUMPTIONS.  Upon appeal, a judgment *non obstante veredicto* will be presumed to have been entered upon the grounds stated in the motion, in the absence of any indication to the contrary.

PLEADINGS — ISSUES, PROOF AND VARIANCE — FAILURE OF PROOF—FOOD—SALES OF IMPURE FOOD.  In an action for damages through the alleged negligent sale of impure food, a verdict for the plaintiff cannot, in the absence of any evidence of negligence, be sustained upon the theory of liability under the pure food law, where there was no issue in the pleadings founded upon that act.

Appeal from a judgment of the superior court for Kittitas county, Kauffman, J., entered July 11, 1914, in favor of the defendant, notwithstanding the verdict of a jury rendered in favor of the plaintiff, in an action in tort.   Affirmed.

*Pruyn & Hoeffler*, for appellant.

*Hayden, Langhorne & Metzger, J. W. Quick*, and *John H. McDaniels*, for respondent.

CHADWICK, J.—Respondent is charged by appellant in that it "carelessly, negligently and knowingly" sold to appellant for immediate consumption food that was impure, unwholesome and poisonous.

Respondent is engaged in the mercantile business at Cle Elum.   In the regular course of its business, it sold to ap-

[1]Reported in 150 Pac. 619.

pellant two cans of cove oysters. "Cove Oysters" is a trade-name for oysters cooked in cans, sealed and labeled for general distribution to the trade. It is a manufactured product. Appellant became sick soon after eating the contents of one of the cans. His symptoms indicated ptomaine poisoning. His condition was acute for about three weeks, and, whether from the ptomaine poisoning or in consequence of a foreign and malignant growth upon the lower bowel induced or aggravated thereby, has since been ill.

At the close of plaintiff's case, respondent moved for a nonsuit upon several grounds; that the evidence was insufficient to sustain a verdict; and further, that the pure food law, ch. 211, Laws 1907, p. 478 (Rem. & Bal. Code, § 5453 *et seq.*; P. C. 195 § 1), is violative of art 1, §§ 3 and 12, and art. 2, § 19 of the constitution. This motion was overruled. The case went to the jury, which returned a small verdict in favor of appellant. Thereupon respondent moved for judgment *non obstante*, upon the ground "that said verdict is unsupported by and contrary to the evidence that was introduced at the trial of this cause; and that there was not sufficient evidence or any evidence establishing any cause of action in favor of the plaintiff and as against the defendant." This motion was granted.

Appellant seems not to contend that his action can be sustained under his plea of negligence. He does, however, insist that the action was brought under the pure food law; that the case was tried under it, and that the court in passing upon the motion for judgment notwithstanding the verdict, held the law, in so far as it touches the facts of this case, to be unconstitutional.

As hereinbefore suggested, the pleadings do not bring the case within the pure food law. The motion for judgment *non obstante* does not touch the constitutionality of the act. Nor does the judgment indicate that it was entered upon any ground other than the one set up in the motion. We must presume, therefore, that the judgment follows the motion

upon which it is founded.  The only mention of the pure food law in the record is in the motion for a nonsuit, which was overruled.

Under the record as we have it, the words of the court in the case of *Flessher v. Carstens Packing Co.*, 81 Wash. 241, 142 Pac. 694, are apt and controlling:

"The character of the action is to be determined from the allegations of the complaint, which alleged, as the only basis for recovery, the negligence of the respondent in selling diseased meat unfit for human food.  No mention was made of the pure food statute, nor was any violation of it charged. The case to be submitted to the jury was the one framed by the pleadings and not some other.  If respondent desired to submit an issue upon the violation of the pure food act, he should have pleaded and proved it.  .  .  .  We have in this state a statute known as the factory act, providing for the guarding of dangerous machinery.  Any workman injured through the negligence of his employer because of the unguarded condition of dangerous machinery could, until the workmen's compensation act went into effect, maintain a common law action for negligence, or he might sue under the factory act.  But having selected his form of action, he must abide by it.  He could not found his action upon common law negligence, and recover for violation of the factory act. The same principle is applicable here.  Whatever remedies may have been afforded respondent because of the act of appellant in selling him diseased meat, the eating of which caused him injury, he selected the common law form of negligence and he must abide by it."

Affirmed.

MORRIS, C. J., MOUNT, and HOLCOMB, JJ., concur.