[No. 13513.    Department One.    January 13, 1917.]

ANNIE F. MORRILL, *Respondent*, v. TITLE GUARANTY & SURETY COMPANY et al., *Respondents*, AGNES L. GUERNSEY et al., *Appellants*.[1]

MORTGAGES—DISCHARGE—REFUSAL—DAMAGES — STATUTES. Where property was conveyed to a surety company by a trust deed as security for going upon a contractor's bond, and after completion of the work the surety company refused to redeem the property until its value had depreciated, the right of the grantor to recover for the loss by depreciation is limited to the sum of $25 by Rem. Code, § 8799, which provides that a mortgagee failing upon demand for sixty days to discharge a mortgage that has been fully satisfied shall forfeit and pay to the mortgagor the sum of $25, to be recovered in any court of competent jurisdiction; since the effect of the statute is to substitute remedies and the same is intended as compensation to the mortgagor as well as a punishment to the mortgagee, and is not strictly a penalty.

SAME—DISCHARGE—TRUST DEED. Where a deed is made to a trustee who holds title as security for a liability, the trustee is held to the same rule that governs mortgages, and must tender a satisfaction piece.

SAME—DISCHARGE—REFUSAL TO GIVE—EXCUSES. Where a trust deed was held by a surety company to secure against liability upon a contractor's bond, a claim for $500 for attorney's fees and costs expended by the surety company in a suit to restrain payments on the contract arises out of an independent proceeding not defined by the deed, and hence is no excuse for withholding a reconveyance of the security after all liability on the bond is fully satisfied.

SAME—DISCHARGE—DAMAGES—ACTIONS—PLEADING. A cross-complaint against a mortgagee for withholding a discharge after satisfaction is not demurrable for mistaking the measure of damages in seeking the amount of the depreciation in the value of the property rather than the statutory penalty.

APPEAL—REVIEW—AMENDMENTS—DECISION. Where the facts are before the supreme court, it is not necessary to remand with permission to make a permissible amendment of a cross-complaint, but judgment may be given "as the justice of the case requires," under Rem. Code, § 406.

[1]Reported in 162 Pac. 360; 163 Pac. 733.

ON PETITION FOR REHEARING.

MORTGAGES—DISCHARGE—REFUSAL—PENALTY—RIGHT OF ACTION—
STATUTES. Rem. Code, § 8799, which provides a compensatory pen-
alty of $25 for a mortgagee's failure to discharge a mortgage that
has been fully satisfied, does not give a new right of action, but is
merely a substitution of a penalty in the way of damages for the
general relief allowed in equity, and affects the measure of damages
only.

TRIAL—QUESTION FOR COURT OR JURY—ASSESSMENT OF PENALTY.
Where the facts show a mortgagor entitled to recover the $25 pen-
alty provided by Rem. Code, § 8799, for failure to discharge a satis-
fied mortgage, the assessment of the damages is a matter of law for
the court without testimony.

PLEADING—AMENDMENT—DEPARTURE—MISTAKE AS TO MEASURE OF
DAMAGES—MORTGAGES—DISCHARGE. Where a cross-complaint against
a mortgagee for wrongfully withholding a discharge of a satisfied
mortgage sets forth all the facts necessary for a recovery of the
penalty provided by Rem. Code, § 8799, but asks judgment for the
loss sustained by reason of a depreciation in the value of the prop-
erty, thus mistaking the measure of damages, it is not a departure
to treat the cross-complaint as amended and give judgment for the
penalty, although the statute was not pleaded; since there was but
one state of facts to be pleaded and no choice of remedies, and the
measure of damages was a question of law and not of fact, error as
to which does not turn a litigant out of court.

Appeal from a judgment of the superior court for Clarke
county, Linn, J., entered November 15, 1915, in favor of
certain defendants, upon dismissing the cross-complaint of the
mortgagors claiming damages for refusal to reconvey prop-
erty held under a trust deed, in an action to foreclose a
mortgage. Reversed.

*Henry Crass*, for appellants.

*James B. Murphy* and *Robt. C. Saunders*, for respondent
Title Guaranty & Surety Company.

CHADWICK, J.—W. F. Guernsey, the appellant husband,
in company with one Kincaid, under the firm name of
Guernsey & Kincaid, obtained a contract to construct a part
of the Pacific highway, known as state aid road No. 61, in
King county. Under the law, the contractor is required to

give a bond conditioned for the faithful performance of his contract. Respondent Title Guaranty & Surety Company became surety for Guernsey and Kincaid. This respondent will be referred to as the surety company. To secure it from possible liability upon the bond, it took a deed to a certain block of land situate at Vancouver, Washington. The deed was taken in the name of an employee, who is admitted to be a trustee for the company. A trust was declared in writing by appropriate words:

"Now, therefore, it is specifically understood and agreed that said conveyance and transfer was made for the express purpose of insuring the Title Guaranty & Surety Company against loss on the above contracts and as soon as the above contracts have been performed and all liability for loss has ceased, then the said The Title Guaranty & Surety Company, by its duly authorized agent, John R. Scott, shall redeed and reconvey unto said W. F. Guernsey and A. L. Guernsey, his wife, all the right, title and interest in and to all property conveyed by reason of the foregoing contract."

The road contract was completed in September, 1911. The contractors had not met all the claims, and it coming to the knowledge of the surety company that the contractors had assigned all moneys due and to become due upon the contract to M. M. Morrill, a banker at Kent, Washington, it began an action in the Federal court to restrain the state from making further payments, and all others from disbursing any funds on hand until the right of the claimants and creditors could be ascertained. Thereafter all parties met, counsel being present, and it was agreed, in consideration of a dismissal of the suit and a release of the impounded funds, that Morrill should pay all claims and demands against road No. 61.

In June, 1912, Morrill took a mortgage from Guernsey and wife to secure an indebtedness growing out of Guernsey's road contracts, in the sum of $5,270. This action was brought by the mortgagee, the wife of Morrill, to foreclose the mortgage. Issues have been framed between the

defendants.   We shall briefly state the facts and disputa-
tions out of which they arise.   It is contended by appellants
that, at the time it was stipulated that the injunction suit
should be dismissed and Morrill engaged to pay all the claims
arising out of road No. 61 contract, all the claims were listed
and understood by all parties; that thereafter, in January,
1912, all parties and counsel for the company being present,
all just and lawful claims against the firm of Guernsey and
Kincaid were paid and discharged by Morrill; and that
Guernsey then and there demanded a reconveyance of the
property held in trust, and that counsel for the company said
he would take the matter up with the home office.   Other de-
mands, oral and by way of letters, were thereafter made, and
finally, on March 19, 1915, a formal written demand was
made upon the company for a reconveyance of the property.
The testimony clearly shows that the property had greatly
depreciated in value since January, 1912, in consequence of
a general slump in real estate values.   Appellants pray for
damages in the total sum of $7,822.50, for depreciation, loss
of sale, and taxes and interest paid.

   The company asserts that no demand for a reconveyance
was made at the time of the settlement; that there was no
understanding that all of the claims were known, and that it
was impossible that it could be so, for Guernsey & Company,
a company of which appellant husband was the manager, had
defaulted on No. 69 state aid road, which abutted No. 61 on
the south, upon which it was surety, the work on the two
contracts having been carried on at the same time and as if
it were one contract; that it was impossible to know whether
all claims had been discharged on No. 61 until all had been
discharged on No. 69; that at no time prior to the actual
taking of testimony in the instant case have the appellants
satisfied or attempted to satisfy it that all claims upon No.
61 had been paid; that it had been put to an expense of $500
in the prosecution of the case in the Federal court, which it
asserted as a claim against the trust deed; that it was not

bound to reconvey so long as it had a *bona fide* claim against the property, however ill founded; and finally, that no deed was ever prepared by appellants and offered with a demand that it sign the same.

Were it necessary or permissible for us to rest our decision upon the two facts, whether all claims against No. 61 had been satisfied in January, 1912, that the company knew it, and that a demand for a deed had been made, we would unhesitatingly find for the appellants; but the law will not permit a substantial recovery even under the facts found by us.

The contract was completed in September, 1911, and all claims were paid in January, 1912. The legal title to the property is, and at all times has been, in appellants. All damages now asserted accrued subsequently to the time when the trust was discharged by the acts of the parties; and, under the well settled principle that one who has a cause of action shall not delay his cause that damages may accrue pending its submission to a court, a party so situate is not permitted to postpone his suit to his own profit. This rule applies with particular emphasis where a mortgagee refuses to release or satisfy a mortgage when it is paid off or discharged. With seeming purpose to avoid such consequences, and to avoid speculative damages, the legislatures in many states have passed laws providing usually for a season of grace, after demand, a right of action and a statutory penalty. Jones, Mortgages (6th ed.), § 992 *et seq.*

Some states provide for actual damages in addition to the penalty, the rule under such statutes being that the penalty is substituted in lieu of exemplary damages. *Swallow v. First State Bank*, 28 N. D. 283, 148 N. W. 630.

Our statute makes no provision for damages other than the penalty.

"If the mortgagee shall fail so to do after sixty days from the date of such request or demand, he shall forfeit and pay to the mortgagor the sum of twenty-five dollars, to be recovered in any court having competent jurisdiction, and said

court, when convinced that said mortgage has been fully satis-
fied, shall issue an order in writing, directing the auditor to
cancel said mortgage, and the auditor shall immediately record
the order and cancel the mortgage as directed by the court,
upon the margin of the page upon which the mortgage is
recorded, making reference thereupon to the order of the
court and to the page where the order is recorded.   [L. '86,
p. 117, § 2]" Rem. Code, § 8799.

The recovery permitted by the statute, although so denom-
inated, is not strictly a penalty.   It is intended as a compen-
sation to the mortgagor as well as a punishment to the mort-
gagee.   *Engle v. Hall*, 45 Mich. 57, 7 N. W. 239.

The effect of the statute is to substitute remedies.   It post-
pones a right of action in the interest of peace.   It provides a
certain recovery in all cases in lieu of the uncertainties of the
common law action.   Our statute does not permit a recovery
of "other damages" as some do.   It fixes the amount of the
recovery whether the amount of the mortgage be great or
small; whether actual damage be suffered at all, and although
the satisfaction is withheld in good faith.   *Collar v. Harrison*,
28 Mich. 518; *Shields v. Klopf*, 70 Wis. 69, 35 N. W. 284;
*Renfro & Andrews v. Adams*, 62 Ala. 302; *Williams v. Hen-
dricks*, 115 Ala. 277, 22 South. 439, 67 Am. St. 32, 41
L. R. A. 650.

By their own showing, appellants knew in January or in
June, 1912, that all claims against road No. 61 had been paid.
They knew of their right to institute an action sixty days
after demand that the company furnish a reconveyance,
which, under the circumstances, was a proper form of satis-
faction and release.   To permit them to recover would be to
afford them a remedy for something the statute sought to
avoid, that is, the enhancement of damages by the lapse of
time.

There is no merit in the contention that appellants should
have tendered a deed in form to be signed.   The company was
charged with a knowledge of the legal effect of the deed.
Where a deed is made to a trustee who holds title to secure a

liability, either fixed or contingent, the trustee is held to the same rule that governs a mortgagee, and is charged with a duty to tender a satisfaction piece. 27 Cyc. 1415; *Blumenthal v. Huerter* (Ill.), 3 N. E. 425; *Pearce v. Bryant Coal Co.*, 25 Ill. App. 51.

The company contends—inasmuch as it felt impelled to try an action in the Federal court, to which we have referred, and had paid the expenses of the suit and an attorney's fee of approximately $500—that a claim against the obligor for these items, if asserted in good faith, although ill founded in law, is a sufficient excuse for its delinquency in the satisfaction of the mortgage. By the better authority, this is not so. See cases *supra*. In *Shields v. Klopf, supra*, it is said:

"It is entirely competent for the legislature to impose a penalty for the refusal to discharge a mortgage, regardless of the good or bad faith of the holder thereof. On the authority of *Cohn v. Neeves* [40 Wis. 393], we must look into the statute itself, which is general in its terms, to ascertain whether the legislature intended that it should be restricted in its operation to those wilfully offending against it. We find in sec. 2256 a satisfactory indication that the general language of the statute was intended to operate without restriction, and without regard to the good or bad faith of the holder of the mortgage. The statute gives to any person upon whom the demand is made to discharge a mortgage, seven days in which to determine whether he will discharge it or not. If the application of the statute is to be limited to those only who wilfully and knowingly refuse to discharge a mortgage, it is fair to presume that no days of grace would have been given. The seven days were undoubtedly given to enable the person upon whom such demand has been made, if he doubts whether the mortgage has been paid, to ascertain the facts for himself. After the expiration of that time he acts at his peril of the fact, and if the mortgage has been paid and he refuses to discharge it he is subject to the penalty of the statute."

But granting the rule contended for, the claim must at least be colorable. To be colorable, it must arise out of the

transaction as defined by the writing, or be within its con-
templated range. *Malarkey v. O'Leary,* 34 Ore. 493, 56
Pac. 521. The claim now asserted arises out of an inde-
pendent proceeding.

The cases relied on by appellants to sustain their theory
of damage in no way bear upon the issues raised by the
pleadings. They pertain to actions for breach of contract
to convey, and specific performance of contracts. Damages
are allowed for withholding some element of the title;
whereas, in the case at bar, the deed with its declaration of
trust made, in law and in equity, a mortgage. The full
title, both legal and equitable, was in the appellants. *Norfor
v. Busby,* 19 Wash. 450, 53 Pac. 717; *Dane v. Daniel,* 23
Wash. 379, 63 Pac. 268; *Fischer v. Woodruff,* 25 Wash. 67,
64 Pac. 923, 87 Am. St. 742; *Hitchcock v. Nixon,* 16 Wash.
281, 47 Pac. 412. The measure of damages in such cases
is as defined by statute. Beyond it, the court cannot go.

But it does not follow that appellants are to be denied the
relief to which they are entitled. The cross-complaint states
a cause of action. Appellants have mistaken their measure
of damages. The complaint would not have been demurrable
for this reason. *Howard v. Seattle Nat. Bank,* 10 Wash.
280, 38 Pac. 1040, 39 Pac. 100. And we could send the
case back with permission to amend. Under the statute,
this is not necessary. It is provided:

"Judgment may be given for or against one or more of
several plaintiffs, and for or against one or more of several
defendants; and it may, when the justice of the case requires
it, determine the ultimate rights of the parties on each side,
as between themselves." Rem. Code, § 406.

See, also, Rem. Code, § 1737; *Poledori v. Newman,* 116
Cal. 375, 48 Pac. 325; *Gunnell v. Emerson,* 80 Mo. App.
322; *Reade v. Street,* 122 N. C. 301, 30 S. E. 124; *Humphrey
v. Thorn,* 63 Ind. 296.

The only issue of fact between the parties is that of de-
mand at a time prior to March 15, 1915. The company's

main dependence rests in the legal issue raised by its assertion of good faith in delaying a satisfaction.

With the facts, the law, and the parties before us, and to the end that ultimate right between the parties may prevail, we direct that the case be remanded, with directions to enter a judgment in favor of appellants for $25 and costs.

ELLIS, C. J., MORRIS, MAIN, and WEBSTER, JJ., concur.

### ON PETITION FOR REHEARING.
[Decided March 20, 1917.]

PER CURIAM.—A petition for rehearing has been filed in this case, in which it is charged, that the court overlooked its former decisions with respect to the necessity of counting on a statute if recovery is sought only under the statute and not upon other grounds; that the rule announced in this case is utterly contrary to the rule of decision announced in the several opinions of this court. *Flessher v. Carstens Packing Co.*, 81 Wash. 241, 142 Pac. 694; Id., 84 Wash. 697, 152 Pac. 17; *Hoffman v. Watkins*, 78 Wash. 118, 138 Pac. 664; *Acres v. Frederick & Nelson*, 79 Wash. 402, 140 Pac. 370; *Kanton v. Kelly*, 65 Wash. 614, 118 Pac. 890.

It is contended, further, that this court has uniformly held that the parties cannot change the theory of the action on appeal and that, *similiter,* this court erred in assuming the power to change the theory of the action for the parties.

We were not unmindful of any of the rules suggested by counsel, but the opinion in no way trenches upon them. The intervening appellants alleged that the defendant, respondent Title Guaranty & Surety Company, held a mortgage, in form a deed, upon their property; that the mortgage had been satisfied; that it refused upon demand to enter a formal satisfaction. The surety company joined issue, setting up: That appellants had not shown that the conditions of the trust deed had been performed until the trial of the action; that the surety company had a *bona fide* claim against the trust deed; that it was not bound to enter a satisfaction piece

so long as the claim was asserted in good faith; that no damages are recoverable at common law for failure to release a mortgage or lease; and that the statute provides the only penalty recoverable for failure to release or satisfy a mortgage. Upon the record, we said that, although it was not necessary to a decision, the proof was ample to sustain a finding that the conditions of the trust deed had been performed and that the mortgage had been paid. We also held against the surety company upon the legal issue, that is to say, that it could not refuse to satisfy the mortgage under the plea of good faith.

With the law and the fact decided against the surety company, the only question remaining was the measure of damage. Appellants asserted that they had been damaged in a very considerable sum. We held them to the penalty provided by statute. Appellants never had a choice of remedies. Their cause of action is the same now as it would have been had the statute fixing the penalty for a failure or refusal to satisfy a mortgage never been passed. And while it might be said, technically, that there was no cause of action and no damages recoverable at common law for the failure to satisfy a mortgage, there was such action in equity; or, to state it in another way, there was and is an action independent of all statutes. Section 8799 does not give a right of action. It assumes that a right of action existed at the time. The statute is no more and no less than a substitution of a penalty in the way of damages for the general relief allowed in equity, with interest and costs.

We shall not take time to discuss all of the cases cited. We concede them to be well sustained in principle. But they are so clearly inapplicable to a case of this kind that reference to but one or two of them will be sufficient to illustrate the strength of our position and the soundness of the opinion. In *Flessher v. Carstens Packing Co.*, *supra*, the plaintiff had a choice of remedies. He had an action at common

law, and an action under the statute. He brought his action as a common law action. During the progress of the case, the court, in disregard of the allegations of the complaint, allowed a recovery under the terms of the statute. We held, as we have always held in such cases, that "having selected his form of action, he must abide by it," and that, "if plaintiff had desired to submit an issue upon the violation of the pure food act, he should have pleaded and proved it."

*Hoffman v. Watkins, supra,* is also consistent with our holding, if not actually supporting it. The question arose there upon testimony improperly admitted by the court. We said:

"The respondent was entitled to submit to the jury every fact within the issue, whatever its purpose was, but he was not entitled to go outside of the issue and introduce facts not issuable, either to strengthen his own case or weaken his adversary's. When litigants select the law and the courts to determine their differences, they much choose a triable issue, and having chosen that issue, no party can have a fair and impartial trial upon that issue when other irrelevant issues are persistently and extensively gone into."

Here the appellant submitted an issue of fact and an issue of law; that is, whether the mortgage had been satisfied and whether a refusal to satisfy, under an asserted claim of good faith, excused the surety company. These were the only issues. Our ruling upon them called for a reversal of the case. Having held against the surety company upon the issues both of fact and law, we could have sent the case back for no reason other than to assess the damages. The assessment of damages, when the fact is established, is a matter of law for the court. The penalty is not to be assessed by a jury, nor would a jury be permitted to assess any sum other than the penalty fixed by the statute. It is an arbitrary allowance, and may be entered by the court without testimony. We said, therefore:

"With the facts, the law, and the parties before us, and to the end that ultimate right between the parties may prevail, we direct that the case be remanded, with directions to enter a judgment in favor of appellants for $25 and costs."

There has been no departure, no abandonment of remedies, and no violation of any of the principles of law or of the decisions of this court. The error of counsel lies in the fact that they have assumed that appellants had a choice of remedies, whereas they could plead but one state of facts and were entitled to but one measure of damages. If the case were sent back without prejudice or with leave to amend, respondent would file the same complaint with a prayer for $25 penalty instead of for general damages. Under the authorities cited in our opinion, an error in alleging the measure of damage will not operate to turn a litigant out of court if he has otherwise stated a cause of action; for the measure of damages is a question of law and not of fact. To hold otherwise, would be to sacrifice substance to form and to substitute for that broad justice that should prevail in all controversies inequity and injustice.

Rehearing denied.