[No. 2438.  Decided June 8, 1897.]

F. R. BOARMAN, *Respondent*, v. T. D. HINCKLEY, *Appellant*.

### NEW TRIAL — NOTICE.

A motion for a new trial, designating the grounds therefor, filed and served upon the adverse party within two days after the rendition of a verdict, is sufficient notice of a motion for a new trial as required by Code Proc., § 404.

Appeal from Superior Court, King County.—Hon. T. J. HUMES, Judge.  Affirmed.

*Fred H. Peterson*, for appellant.
*Battle & Shipley*, for respondent.

The opinion of the court was delivered by

REAVIS, J.—Action by plaintiff, respondent here, against defendant for damages for breach of contract. Verdict of jury for defendant.  Within two days after rendition of the verdict the plaintiff filed and served on the defendant a motion for a new trial, specifying the grounds relied upon in the motion.  The court, upon hearing the motion, granted a new trial, from which order the defendant appeals.

The first contention of appellant is that no notice of intention to move for a new trial was filed within two days after rendition of the verdict, as required by the statute (Code Proc., § 404), but the motion itself specifying the grounds assigned for a new trial was filed and served on the defendant within the time required by statute.  The cases cited by appellant from California and Montana are inapplicable.  In those cases, either no notice or motion was filed within the time required by statute, or else the

specifications of the reasons relied on for asking a new trial were not stated. The courts usually construe the form of a notice fairly. The motion for a new trial filed by plaintiff in this case fully advised the defendant of plaintiff's intention to move for a new trial, and specified the grounds. The motion itself here fulfills the function of the notice required by the statute. The power to grant a new trial by the court hearing the cause is one of discretion, and the statute making the order appealable has not changed the established principles controlling the granting or refusal of a new trial. Only abuse of such discretion will be reviewed. We perceive no abuse of its discretion by the superior court in the order made, and its order is affirmed.

SCOTT, C. J., and ANDERS, DUNBAR and GORDON, JJ., concur.