(December 21, 1905.)

## PALMER v. NORTHERN PACIFIC RAILWAY COMPANY.

[83 Pac. 947.]

SPECIFICATIONS OF INSUFFICIENCY OF EVIDENCE — SUFFICIENCY OF — HIGHWAY—DEDICATION OF—PRESCRIPTION—RAILROAD CROSSINGS— CHANGE OF LINE.

1. Where the issue was whether a road was a private road or a public highway and the appellant in his specifications of the insufficiency of the evidence to sustain the verdict specifies that, ''The evidence is undisputed that the road in question was a private road,'' such specification is sufficient.

2. Where the specification is sufficient to inform opposing counsel of the grounds of the alleged insufficiency of the evidence to support the finding or verdict, it is sufficient.

3. Where the specification designates some particular issue in the case, and avers that it was not sustained or justified by the evidence, such specification is sufficient.

4. Under the provisions of section 850 of the Revised Statutes, highways are declared to be roads, streets or alleys and bridges laid out or erected by the public, or if laid out or erected by others, dedicated or abandoned to the public.

5. Under the provisions of section 851 of the Revised Statutes, as amended (Sess. Laws 1893, p. 12), all roads used as highways for a period of five years, provided they shall have been worked and kept up at the expense of the public, are highways by prescription, but a road constructed by private parties as a logging road, and kept in repair by such private persons across which a gate is maintained, as shown by the facts of this case, is not a public highway.

(Syllabus by the court.)

APPEAL from the District Court of Kootenai County. Honorable Ralph T. Morgan, Judge.

Action to recover damages for an alleged obstruction of a public highway. Judgment for plaintiff. Reversed.

The facts are stated in the opinion.

John M. Bunn and James E. Babb, for Appellant.

Title by prescription or by user cannot be gained or acquired in lands belonging to the government. (*Perkins v. Vincent,* 47 La. Ann. 579, 17 South. 126.) The total damages under any circumstances would be only those accruing during such time as would reasonably afford the plaintiff an opportunity to stop such use or occupation, either by cutting through the embankment or by legal action. He could not stand by and suffer forever or for any extended period of time, and then claim damages for the total time. (*Karst v. St. Paul etc. Ry. Co.,* 22 Minn. 118; *Ziebarth v. Nye,* 42 Minn. 541, 44 N. W. 1027.)

Charles L. Heitman, for Respondent.

Where a statement on motion for a new trial fails to specify wherein the evidence is insufficient to justify the decision or verdict, such insufficiency, as a ground of the motion, will be disregarded. (*Sanchez v. McMahon,* 35 Cal. 218; *Menk v. Home Ins. Co.,* 76 Cal. 50, 9 Am. St. Rep. 158, 14 Pac. 837, 18 Pac. 117; *Eddelbuttel v. Durrell,* 55 Cal. 277; *Parker v. Reay,* 76 Cal. 103, 18 Pac. 124; *Spotts v. Hanley,* 85 Cal. 155, 24 Pac. 738; *Baird v. Peall,* 92 Cal. 235, 28 Pac. 285; *Kumle v. Grand Lodge,* 110 Cal. 204, 42 Pac. 634; *Haight v. Tryon,* 112 Cal. 6, 44 Pac. 318; Hayne on New Trial and Appeal, sec. 432.) Appellant contends that there is an exception to the proposition cited by the instruction of the court, and that this exception appears affirmatively, and that it arises from the fact that the title to these lands had not been out of the government of the United States for a period of five years. Respondent submits that no such exception is known to the

law. Section 2474 of the Revised Statutes of the United States (1878) reads as follows: "The right of way for the construction of public highways over public lands, not reserved for public uses, is hereby granted." (*Smith v. Mitchell,* 21 Wash. 536, 75 Am. St. Rep. 858, 58 Pac. 667.) Section 850 of the Revised Statutes of Idaho reads as follows: "Highways are roads, streets or alleys, and bridges, laid out or erected by the public, or if laid out or erected by others, dedicated or abandoned to the public." The road in controversy, especially that part of it south of the railroad track and leading to the home of respondent, falls within the meaning of this statute. (*Smith v. Montgomery,* 3 Idaho, 472, 31 Pac. 812; *Whittaker v. Ferguson,* 16 Utah, 240, 51 Pac. 980; *San Francisco v. Scott,* 4 Cal. 115; *Kittle v. Pfeiffer,* 22 Cal. 485; *Harding v. Jasper,* 14 Cal. 643; *San Francisco v. Calderwood,* 31 Cal. 585, 91 Am. Dec. 542; *San Francisco v. Canavan,* 42 Cal. 541; *Hoadley v. San Francisco,* 50 Cal. 265.) Roads leading from residences or farms of individuals to the main road which runs through the county are of public concern, and are open to everyone who may have occasion to use them, and are, therefore, public roads. (*Latah County v. Peterson,* 3 Idaho, 398, 29 Pac. 1089; *Sherman v. Buick,* 32 Cal. 242, 91 Am. Dec. 577.) It is not necessary that a highway be worked throughout its entire length to come within the definition of section 851 of the Revised Statutes of Idaho. (*Gross v. McNutt,* 4 Idaho, 300, 38 Pac. 935.)

SULLIVAN, J.—This action was brought by the respondent against the appellant corporation to recover $2,000 damages, alleged to have been sustained because of the appellant's acts in temporarily blockading a certain logging road which crossed the appellant's railroad track in Kootenai county, and over which railroad track and crossing the respondent was hauling logs. The answer put in issue the main allegations of the complaint. The cause was tried by the court with a jury, and a verdict and judgment was rendered and entered in favor of the respondent for $1,500. This appeal is from the order denying a new trial.

It is first contended by counsel for respondent that this court cannot consider the sufficiency of the evidence to support the verdict. It is contended that the specifications of the particulars in which the evidence is alleged to be insufficient to sustain the verdict are not sufficient specifications, and for that reason the evidence cannot be considered on this appeal. The specifications are as follows: "And assigns and specifies the following particulars in which said evidence was and is insufficient: 1. The evidence is undisputed that the road in question was a private road; 2. The evidence is undisputed that this road has not been built or used longer than the period of four years prior to the commencement of this action; 3. The evidence is undisputed that the crossing in question was not on the land of the plaintiff in this case."

There are many of the early decisions in California that are very technical upon the point under consideration, but the more recent decisions are more liberal and have overruled some of the earlier cases. The case of *De Molera v. Martin,* 120 Cal. 548, 52 Pac. 825, is cited in support of respondent's contention, but that case is expressly overruled in *Drathman v. Cohen,* 139 Cal. 310, 73 Pac. 181, decided June 25, 1903. Referring to the former case the court said: "If the decision in that case were followed, perhaps the specifications here in question would be declared insufficient; but experience has proven that the rule as there laid down was too strict, and that it has been productive of evil and not good; . . . . but latterly the court has been more liberal in such matters, and the rule now followed is stated in *American etc. Co. v. Packer,* 130 Cal. 459, 62 Pac. 744, as follows: 'Whenever there is a reasonably successful effort to state the particulars, and they are such as may have been sufficient to inform the opposing counsel and the court of the grounds, and the trial court has entertained and passed upon the motion, . . . . this court ought not to refuse to consider the case on appeal, and especially where, as in this case, the transcript shows that all the evidence has been brought up.'" (See *Swift v. Occidental M. & P. Co.,* 141 Cal. 168, 74 Pac. 700.) In that case the court said: "The substance of all these decisions is that the

object of the rule requiring these specifications is, first, to
shorten the statement of the evidence by excluding everything
irrelevant to the specified fact; and, second, to notify the
opposite party of the particular finding called in question, in
order that he may see that the statement fairly and fully
presents the evidence bearing upon that particular matter.
This object accomplished, the statute is satisfied, and the more
recent decisions of the court have shown a disposition to con-
strue specifications liberally in favor, rather than strictly
against, the right of the moving party to be heard." (See
*Stuart v. Lord*, 138 Cal. 672, 72 Pac. 142.) This court, in
*Bernier v. Anderson*, 8 Idaho, 675, 70 Pac. 1026, said: "If the
specifications designate some particular fact, and aver that
it is not justified by, or not sustained by, or contrary to, the
evidence, they are sufficient." In the case at bar the main
point in question was whether the road in controversy was a
public highway or a private road, and whether it had been
traveled by the public for a period of five years, and whether
the crossing in question was on the land of the plaintiff.
The specifications of the insufficiency of the evidence on those
points are clear and specific, and could not mislead anyone.
The specifications were sufficient.

It appears from the record that the appellant corporation
owned and operated a transcontinental railway line with a
right of way four hundred feet wide, two hundred feet on
each side of the center of the track, which railway crossed
Kootenai county. It appears that the respondent had con-
tracted with the Humbird Lumber Company for cutting and
hauling sawlogs and other timber at $4.50 per thousand feet,
and that he constructed a logging road for the purpose of
hauling said timber to Lake Pend O'Reille. This logging
road crossed over the line of appellant's railroad within the
confines of the northwest quarter of section 4, township 7
north, range 1 east, Kootenai county. The railroad, at a
point where said logging road crossed it, was on a fill or
embankment about one and one-half or two feet high. Dur-
ing the summer of 1903, the appellant corporation found it
necessary to make a change in the location of its line of rail-

road.   This change of line extended over a distance of several
miles and across said logging road.   The new and the old
lines of railroad where the logging road crosses them are
about sixty-five feet apart, and both are within the confines of
a tract of land owned by the son of respondent, through which
tract of land the appellant's right of way extends four hun-
dred feet wide.   The new line of railroad where the logging
road crosses it was on a fill nine or ten feet high, whereas the
old line of road was on an embankment not more than two
feet high.   It is alleged in the complaint that the greater part
of the road in question had been used by the public generally
for logging purposes for about six years.   It is then alleged
that said logging road ran entirely across the northwest quar-
ter of said section 4, which land was owned by respondent's
son, and that said son had permitted him (respondent) to
use said logging road in his said operations; that on or about
August 11, 1903, when he was engaged in hauling logs, the
appellant railway company changed the route of its roadbed
and track; that at a point where said logging road crosses
the same, an obstruction consisting of an embankment, was
erected and maintained across his said logging road, whereby
he was prevented from hauling his timber products for a
period extending from about the 11th of August to about the
1st of December, 1903.   The evidence clearly shows that the
change in said railway roadbed was wholly within the com-
pany's right of way, and the main question for determination
is whether the said logging road was a public highway.   While
the respondent and some of his witnesses testified that the
public generally had a right to travel that logging road, it is
clear from all of the evidence that it was not a public high-
way or road.   The evidence shows that the respondent him-
self did not consider it, he having placed a gate across said
road where it approaches the railway from the south side.
And it also appears from the testimony that the road in ques-
tion had never been used for any other purpose except that
of logging; that that part of it north of the railway was built
in the spring of 1900, and that that part south of it down to
the residence of the respondent was built in the summer of

1898, and that portion from the house down to the lake was built in the spring of 1900. Palmer himself stated to others that if they wanted to use the road, they must pay something for its use as it cost quite a good deal to keep up a logging road. The road overseer°of the district in which this road is situated testified in the case that as road overseer he had never done any work of any kind or description on this road; that it was not a county road, and that he did not call it one of the roads within his district; that he had never known a road overseer or other county officer to do any work on that road, and testified that if the road had gotten out of shape he would not have gone to fix it as road overseer. He further testified that everyone used it that wanted to for hauling logs. One witness testified that the respondent kept this logging road in good shape. "He hired men to keep it in shape; it was built for hauling logs over." Another witness of the plaintiff testified that there is a gate across this road between the respondent's place and the railroad track. This gate has been there at all times, and was maintained there by the respondent. The respondent himself testified that the northern extension of this road was not a county road. The evidence shows that a record of the public roads is kept in Kootenai county, and no record of the road in question is found therein. Another witness testified that that part of this road north of the railroad was built for logging purposes and none other, and was built in 1900, and that that part of it south of the railroad was built in the summer of 1898, and had been used by Mr. Palmer and his neighbors for that purpose, and that there is a fence between respondent's place and the railroad track and a gate in the fence, where this road enters his land. While it is shown that that part of the road south of the railroad had been used by the respondent in getting from his residence to the county road, the evidence does not show that it was a public road, although it was used to some extent by the neighbors of the respondent. In fact, taking the evidence altogether, it is clear that said road was not a public highway or a county road. That being true, it is decisive of this case. It therefore is not necessary for us in

this opinion to pass upon the several objections to the instructions given by the court. The railroad company had the right to change its roadbed and track within its right of way, and simply because the respondent had been hauling logs across the railroad track at a certain point where there was no public highway, the railroad company could not be held in damages for raising its track or roadbed at the point in question. It is contended that the road in question was acquired by prescription, having been used by the public for more than five years. Section 850 of the Revised Statutes of Idaho is as follows: ".Highways are roads, streets, alleys and bridges laid out or erected by the public, or if laid out or erected by others, dedicated or abandoned to the public." While it may be true that the respondent dedicated the road from his residence to the railroad right of way to the public, the evidence does not justify us in arriving at that conclusion. Conceding that he did so, he had no power to dedicate any portion of the railroad right of way to the public, and he himself testified that the extension of this road north of the railroad right of way was a private logging road.

Section 851 of the Revised Statutes, as amended, provides that roads laid out and recorded as highways by order of the board of commissioners, and all roads used as such for a period of five years, provided the latter shall have been worked and kept up at the expense of the public, or located and recorded by order of the board of commissioners, are highways. The evidence clearly shows that the road in question has not been used by the general public for five years, and it is nowhere shown that it was worked and kept up at the expense of the public, or that it was located and recorded by order of the board of commissioners or dedicated to the public. The evidence shows that it was constructed and kept in repair by the respondent, and that he maintained a gate across the same against the positive prohibition of the law if it was a public road. It is clear to us from the entire record that the road in question was not a public highway, and for that reason the respondent is not entitled to recover in

this action. The judgment is reversed and the cause remanded with instructions to enter judgment of dismissal. Costs are awarded to appellant.

Stockslager, C. J., and Ailshie, J., concur.