FRIEL, Respondent, *v.* KIMBERLY-MONTANA GOLD MINING COMPANY, Appellant.

(No. 2,238.)

(Submitted January 12, 1906. Decided March 19, 1906.)

*Master and Servant—Mines—Safe Place to Work—Nonsuit—New Trial—Statement—Rules of Court.*

Mines—Personal Injuries—Safe Place to Work—Nonsuit—New Trial.
   1. *Held,* in a suit for personal injuries, that the district court erred in sustaining a motion for nonsuit made at the close of plaintiff's case, where the evidence introduced tended to show, and for the purposes of the motion did prove, that plaintiff, a miner, had been injured by falling rock and that defendant had failed to keep the ''place,'' already created and completed, in which plaintiff was at work, safe and secure.

Mines—Personal Injuries—Safe Place to Work.

2.   A miner does not assume the risks incident to his employment which flow from his employer's failure to exercise reasonable care to keep the "place," already created and completed, in which the former is at work, safe and secure.

New Trial—Statement—Sufficiency.

3.   The fact that a statement on motion for a new trial, in a suit for personal injuries, was denominated, by the moving party, "a statement of the case and bill of exceptions," did not render it objectionable; it being immaterial what a paper is called.

New Trial—Statement—Settlement—Presumptions.

4.   Where the record is silent as to what steps were taken to procure the settlement of a statement on motion for a new trial, the presumption will be indulged that it was settled according to law.

Appeal—Record—New Trial—Statement—Rules.

5.   Rule VII, section 3, of the Rules of the Supreme Court, provides that *unless otherwise ordered by the district court*, the testimony contained in the transcript shall be reduced to narrative form.   In a statement on motion for a new trial presented for settlement to the district court, *extensive portions of the testimony were produced by question and answer*.   Objection made to this by the adverse party was overruled. *Held*, that the action of the court in overruling the objection was equivalent to an order to have the matter appear in the form it did.

District Courts—Rules—New Trial—Statement—Appeal.

6.   A rule of the district court provided that the lines and pages in a statement on motion for a new trial should be numbered.   To the settlement of a statement in the preparation of which this rule had been ignored, a technical objection was interposed and overruled.   *Held*, that, since counsel did not invoke this rule for the purpose of facilitating labor in the settlement of the statement and making certain what was done respecting amendments, the supreme court on appeal will not interfere.

District Court—New Trial—Statement—Rules.

7.   Rules of district courts relative to preparation and arrangement of statements on motion for new trial and bills of exceptions are not made for the purpose of punishing a delinquent party, but to aid counsel and court and to make certain what is done.

*Appeal from District Court, Gallatin County; W. R. C. Stewart, Judge.*

ACTION by Mack Friel against the Kimberly-Montana Gold Mining Company.   From an order granting plaintiff a new trial, defendant appeals.   Affirmed.

*Mr. T. J. Walsh, Mr. W. S. Hartman, Mr. A. P. Stark,* and *Mr. Charles Klotz,* for Appellant.

The determination of this case is controlled by the law as laid down in *Shaw* v. *New Year Gold Mines,* 31 Mont. 138, 77 Pac. 515, which is that for injuries occurring by reason of continual changing conditions in the very place in which the ser-

vant is working, he cannot recover, and that such conditions arise by reason of the negligence or omission of some one in authority makes no difference. There is no escape from the logic of this decision. If the foreman in that case, and with reference to the duty devolving upon him under the conditions there detailed was a fellow-servant of the decedent, indisputably so was the foreman in this case with reference to the duty claimed to have been omitted by him to notify the plaintiff of the unlagged condition of the "back" of the stope at the top of the set of timbers under which he was working when he was injured.

The place in which plaintiff was working was in process of change. It was left incomplete on the day before, presumably because the shift of men working on it expired before they were able to complete it. It was to be picked up and carried on and completed in·the regular course and conduct of the work. The case presents a condition of affairs differing radically in principle from many of those like *Union Pacific Ry. Co.* v. *Jarvi,* 53 Fed. 65, 3 C. C. A. 433, referred to with approval by this court in *Kelley* v. *Fourth of July Min. Co.,* 16 Mont. 484, 41 Pac. 273.

Although, perhaps, sufficient is said in *Shaw* v. *New Year Mines* to make clear the principle by which is determined whether a duty is nondelegable, as appertaining to the obligation to furnish·a reasonably safe place, or whether the person to whom it is intrusted remains, whatever his rank, a fellow-servant, we refer to the following recent decisions on the subject: *Durst* v. *Carnegie Steel Co.,* 173 Pa. St. 162, 33 Atl. 1102; *Cleveland etc. Ry. Co.* v. *Brown,* 73 Fed. 970, 20 C. C. A. 147; *Baird* v. *Reilly,* 92 Fed. 884, 35 C. C. A. 78; *Armour* v. *Hahn,* 111 U. S. 313, 4 Sup. Ct. 433, 28 L. Ed. 440; *O'Connell* v. *Clark,* 22 App. Div. 466, 48 N. Y. Supp. 74; *Petaja* v. *Aurora etc. Min. Co.,* 106 Mich. 463, 58 Am. St. Rep. 505, 64 N. W. 335, 66 N. W. 951, 32 L. R. A. 435; *Consolidated etc. Min. Co.* v. *Clay's Admr.,* 51 Ohio St. 542, 38 N. E. 610, 25 L. R. A. 848; *Oleson* v. *Maple Grove*

*Coal Min. Co.,* 115 Iowa, 74, 87 N. W. 736; *Mielke* v. *Chicago etc. Ry. Co.,* 103 Wis. 1, 74 Am. St. Rep. 834, 79 N. W. 22; *Smith* v. *Hecla Min. Co.,* 38 Wash. 454, 80 Pac. 779; *Finalyson* v. *Utica M. & M. Co.,* 67 Fed. 507, 14 C. C. A. 492; *Perry* v. *Rogers,* 157 N. Y. 251, 51 N. E. 1021; *De Vito* v. *Crage,* 165 N. Y. 380, 59 N. E. 141; *Capasso* v. *Woolfolk,* 163 N. Y. 472, 57 N. E. 760; *McLaine* v. *Head etc. Co.,* 71 N. H. 294, 93 Am. St. Rep. 522, 52 Atl. 545, 58 L. R. A. 462.

*Messrs. Wallace & Donnelly,* for Respondent.

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal from an order granting a new trial, a motion for nonsuit having been made and granted. Plaintiff sustained personal injuries on August 21, 1903, while employed in the quartz mine of defendant, and the action was brought to recover damages.

The evidence for the plaintiff, which, for present purposes, must be taken as true, shows that plaintiff was employed by the defendant about August 4, 1903, and worked until the time he was injured. On August 20th, the day before he was hurt, the plaintiff, an experienced miner, had worked on the top or fourth floor of the mine at his regular business as miner. On the morning of the day of the accident he was directed by the shift boss to go with another to the third floor and help the shovelers. He had never before been directed to shovel, and he had never before shoveled on the floor below where he had mined. · He obeyed the order, and with three others commenced to shovel on the said floor. While thus at work the floor upon which he was standing was sixteen feet below the roof or "back" of the fourth floor, from which roof the rock fell which injured him. Above his head the roof of the third floor, which constituted the floor of the fourth floor, shut out from his view, and from the view of the men working with him, all the conditions obtaining upon the floor above. He did not at any time on the day on which he was injured go to the floor above, and no one of the men with him went there. The rock fell because

there was no lagging under it to support it. The timbers were up and the cross-timbers in place, but the lagging had not been put upon them. This had been the condition since the afternoon before. In the meantime another shift had worked, and the breast of the stope had been carried far enough to allow one or more sets of timbers to be put in. The unlagged timbers, in the usual course of mining, should have been lagged. No one had been set to work on the fourth floor under the unlagged place on the morning of the injury, and there was no one there at the time of the accident. A mass of rock fell from the unsupported roof of the fourth floor crashing through the timbers and lagging of the roof of the third floor above plaintiff's head and struck him, causing the injuries of which he complains.

The plaintiff contends that the defendant did not, as in duty bound, use reasonable care, or any care, to furnish a safe place in which he should work. Defendant charges contributory negligence and argues that the spot from which the rock fell was not a "place," but a place in course of construction, and that the plaintiff was engaged in co-operation with the miners who were overhead in the construction of said place, and therefore assumed all the risk incident to the making thereof.

The testimony tends to show, and for the purposes of the motion did show, that it was the custom, as well as the duty, of the master to follow closely behind the miners working at the breast and to timber the floor and lag the same in order to protect all parties working in the vicinity.

If, as the evidence also tends to show, the part of the stope from which the rock fell was one in which the mining had been completed, it was the duty of the defendant to timber and lag the same in order that that part of the place, already created, might be kept safe. If the plaintiff had been injured while in the actual work of making a place—and the evidence tends to show that he was not—then he could not recover from the company, for he would assume the obvious risks of his occupa-

tion. But he did not assume the risk following defendant's failure to exercise reasonable care to keep that part of the place already created safe and secure, if it did thus fail.

Objection is made by appellant to a consideration by this court of any evidence on the part of the witnesses of plaintiff tending to show that the duty of the company was in respect of timbering that particular part of the stope. We have examined the evidence, and think that a *prima facie* case was made for the plaintiff, and that the court should not have withdrawn the case from the jury. We are of the opinion that the case of *Kelley* v. *Fourth of July Min. Co.*, 16 Mont. 484, 41 Pac. 273, covers the law of the case as presented by the evidence introduced by plaintiff.

The appellant made certain technical objections to the allowance and settlement of the statement on motion for a new trial. These objections were incorporated in the record and are before us. One point is that the document, which we have heretofore called "a statement on motion for new trial," is denominated by the plaintiff "a statement of the case and bill of exceptions," and that, as appellant says: "There is no authority in law for combining in one instrument a bill of exceptions and statement on motion for a new trial, and it is impossible to tell whether the plaintiff seeks to settle the bill of exceptions as provided in section 1155 of the Code of Civil Procedure, or statement on motion for a new trial as provided in subdivision 3 of section 1173 of the Code of Civil Procedure." As to this matter, suffice it to say that it is immaterial what a paper is called. We look to the paper itself to see what it is. This is a statement on motion for a new trial. The manner of *settling* a bill of exceptions and that of settling a statement on motion for a new trial seem to us to be the same. Moreover, there is not anything in this record to show what steps were taken to procure the settlement, and we must necessarily assume that it was settled according to law.

A further objection made, saved and urged by appellant is, that the statement should not have been settled "because the

said bill of exceptions and statement on motion for new trial is not reduced to the narrative form, and extensive portions of the testimony are, without reason, reproduced by question and answer.''

So far as the objection that extensive portions of the testimony are reproduced by question and answer is concerned, we find that much of the evidence has been so presented in the statement. Under a rule of this court (Rule VII, subsection 3, 30 Mont. xxxiv, 82 Pac. viii), the testimony contained in the statement on motion for a new trial or the bill of exceptions should be reduced to narrative form, unless the court below order otherwise. Objection, as we have seen, was seasonably made in the court below to the form in which the testimony was produced. The court overruled the objection, and we consider that this is an order by the court to let it be in the form of question and answer as it appears.

The further technical objection was made and saved that in the statement the lines were not numbered, and that the pages were not numbered after page 45. Under a certain rule of the district court in which the case was tried, the statement was required to be paged and the lines numbered. The purpose of this rule, of course, is to furnish to the party upon whom the statement is served ready means of preparing such amendments as he may see fit to propose, and to aid the court in comparing the same in case of dispute as to the question of amendments. When the reason of the rule fails, the rule falls. One rule of this court requires transcripts to be indexed; but if a transcript consisted of only one page, we would not listen to an objection that the transcript was not indexed. Counsel in this case submitted fifty-seven amendments, and they were allowed by the court. Neither the counsel nor the court invoked the rule to facilitate labor. Rules of the sort referred to are not made for the purpose of punishing anyone, but to aid counsel who may invoke them for the purpose of avoiding unnecessary labor and to make certain what is done.

We find no error in the record, and the order of the court granting the motion for new trial is affirmed.

*Affirmed.*

Mr. Chief Justice Brantly and Mr. Justice Holloway concur.