RAY SWALLOW v. FIRST STATE BANK, a Corporation.

(148 N. W. 630.)

**Motion for new trial — sufficiency.**

1. Notice of motion for new trial examined, and *held* sufficient, under § 7064, Rev. Codes 1905.

**Mortgage — discharge of record — refusing to do so — common-law penalty — tort — statutory provision — exemplary damages.**

2. Chapter 176, Sess. Laws 1907, amends the common-law penalty for the tort of refusing to discharge of record a mortgage that has been paid, and the penalties provided by said section are in lieu of exemplary damages.

Opinion filed June 6, 1914.   Rehearing denied September 9, 1914.

Appeal from the District Court of Hettinger County, *Crawford* and *Nuchols,* JJ.

Affirmed.

*J. K. Murray,* for appellant.

It is a jurisdictional prerequisite to the granting of a new trial that the motion therefor shall set forth the grounds upon which it is made. Rev. Codes, § 7064; Hall v. Harris, 1 S. D. 279, 36 Am. St. Rep. 730, 46 N. W. 931.

Specifications of error are jurisdictional prerequisites.   French v. Chicago, 26 S. D. 125, 128 N. W. 498; Jackson v. Ellerson, 15 N. D. 533, 108 N. W. 241.

.The pretended specifications of error are defective because they fail to point out the separate errors of which complaint is made.   Rev. Codes, § 7058; Pease v. Magill, 17 N. D. 166, 115 N. W. 260; Bertelson v. Ehr, 17 N. D. 339, 116 N. W. 335; State v. School Dist. 18 N. D. 617, 138 Am. St. Rep. 787, 120 N. W. 555; Raymond v. Thexton, 7 Mont. 313, 17 Pac. 260; Herbert v. Dufur, 23 Or. 462, 32 Pac. 302; Mack v. Parkieser, 53 Neb. 528, 74 N. W. 38; Fletcher v. Brewer, 88 Neb. 196, 129 N. W. 288; Diers v. Mallon, 46 Neb. 121, 50 Am. St. Rep. 598, 64 N. W. 722; Minot Flour Mill Co. v. Swords, 23 N. D. 571, 137 N. W. 828; Hughes v. Hill, 30 S. D. 255, 138 N. W. 290.

Where several acts of error are assigned jointly, all of such acts must be erroneous in order to sustain the exception.   Bowman v. Phillips, 47 Ind. 341; Cincinnati, H. & I. R. Co. v. Madden, 134 Ind. 462, 34 N. E. 230; Good v. Daland, 121 N. Y. 1, 24 N. E. 15; Hall v. Susskind, 120 Cal. 559, 53 Pac. 46.

If error was committed by the court, same was waived by defendant when it introduced evidence in support of its defense.   Pease v. Magill, 17 N. D. 166, 115 N. W. 260; Wheaton v. Liverpool & L. & G. Ins.

Co. 20 S. D. 62, 104 N. W. 850; Lowry v. Piper, 20 N. D. 637, 127 N. W. 1046; Forzen v. Hurd, 20 N. D. 42, 126 N. W. 224.

A specification is not good when based upon a bad exception. State ex rel. Hart-Parr Co. v. Robb-Lawrence Co. 17 N. D. 257, 16 L.R.A. (N.S.) 227, 115 N. W. 846; Bohnert v. Bohnert, 95 Cal. 444, 30 Pac. 590; Joyce v. White, 95 Cal. 236, 30 Pac. 524.

Assignment that a group of instructions is erroneous, is insufficient if one of them was properly given. Ledwith v. Campbell, 1 Neb. (Unof.) 695, 95 N. W. 838; Fletcher v. Brewer, 88 Neb. 196, 129 N. W. 288; Diers v. Mallon, 46 Neb. 121, 50 Am. St. Rep. 598, 64 N. W. 722; Pennsylvania Co. v. Sears, 136 Ind. 460, 34 N. E. 15, 36 N. E. 353; Ohio & M. R. Co. v. McCartney, 121 Ind. 385, 23 N. E. 258; Chicago Furniture Co. v. Cronk, 35 Ind. App. 591, 74 N. E. 627.

Damages and penalty, or either one without the other, is recoverable. Laws 1907, chap. 176; Greenberg v. Union Nat. Bank, 5 N. D. 483, 67 N. W. 597; Kronebusch v. Raumin, 6 Dak. 243, 42 N. W. 656; Jones v. Fidelity Loan & T. Co. 7 S. D. 122, 63 N. W. 553.

Where tender and offer of payment are made, and no objection is made at the time, as to conditions attached, the same are waived and the offer is good. Kofoed v. Gordon, 122 Cal. 314, 54 Pac. 1115; Rev. Stat. 6562; Greenberg v. Union Nat. Bank, 5 N. D. 483, 67 N. W. 597; Jones v. Fidelity Loan & T. Co. 7 S. D. 122, 63 N. W. 553; Wilkins v. Western U. Teleg. Co. 68 Miss. 6, 8 So. 678; Western U. Teleg. Co. v. Lindley, 89 Ga. 484, 15 S. E. 636.

Exemplary damages may be recovered in an action for failure to release a mortgage. 27 Cyc. 1427; Chinn v. Wagoner, 26 Mo. App. 678; Mickie v. McGehee, 27 Tex. 134; People v. Winters, 125 Cal. 325, 57 Pac. 1067; State v. Carter, 15 Wash. 121, 45 Pac. 745; State v. Winney, 21 N. D. 72, 128 N. W. 680; First Nat. Bank v. Minneapolis & N. Elevator Co. 11 N. D. 280, 91 N. W. 436.

Failure to request certain instructions waives the failure of the court to instruct on such points. Landis v. Fyles, 18 N. D. 587, 120 N. W. 566; State v. Fleming, 20 N. D. 105, 126 N. W. 565; Garrigan v. Kennedy, 19 S. D. 11, 117 Am. St. Rep. 927, 101 N. W. 1081, 8 Ann. Cas. 1125.

Not necessary that refusal to satisfy a mortgage be wilful and malicious. Laws 1907, chap. 176; Renfro v. Adams, 62 Ala. 302; Rev.

Stat. 7175; N. D. Laws 1907, chap. 177; Hedlin v. Lee, 21 N. D. 495, 131 N. W. 390.

Specification that the evidence is insufficient, must state in what particular, and specifically point out in what respects the same is insufficient. Rev. Codes, § 7058; Baumer v. French, 8 N. D. 319, 79 N. W. 340; Jackson v. Ellerson, 15 N. D. 533, 108 N. W. 241.

Conclusions of law, in this respect, are insufficient. Anthony v. Jillson, 83 Cal. 296, 23 Pac. 419, 16 Mor. Min. Rep. 26.

A debtor may make his offer, conditioned upon the performance of an obligation to which he is rightfully entitled. Rev. Codes 1905, § 5257; Ugland v. Farmers' & M. State Bank, 23 N. D. 536, 137 N. W. 572; Kofoed v. Gordon, 122 Cal. 314, 54 Pac. 1115; Drake v. Great Northern R. Co. 24 S. D. 19, 123 N. W. 82.

Where objection is made to the sufficiency of the evidence, facts, and not conclusions of law, or mere evidence, must be specified. N. D. Laws 1907, chap. 176, § 6173; Hall v. Hurd, 40 Kan. 740, 21 Pac. 585; Coveny v. Hale, 49 Cal. 552; Cal. Code, § 659; 3 Kerr's Cal. Cyc. pt. 1, p. 1084; King v. Lincoln, 26 Mont. 157, 66 Pac. 836; Anthony v. Jillson, 83 Cal. 296, 23 Pac. 419, 16 Mor. Min. Rep. 26; Pritchard Rice Mill. Co. v. Jones, — Tex. Civ. App. —, 140 S. W. 817; Thorne v. Hammond, 46 Cal. 530; Finlen v. Heinze, 28 Mont. 548, 73 Pac. 123; Zickler v. Deegan, 16 Mont. 198, 40 Pac. 410; First Nat. Bank v. Roberts, 9 Mont. 323, 23 Pac. 718; Taylor v. Bell, 128 Cal. 306, 60 Pac. 853; Haight v. Tryon, 112 Cal. 4, 44 Pac. 318; Jackson v. Ellerson, 15 N. D. 533, 108 N. W. 241.

The evidence must show that plaintiff was damaged by reason of the giving and recording of the mortgage. King v. Lincoln, 26 Mont. 157, 66 Pac. 836; 13 Cyc. 215; 2 Sutherland, Damages, § 416; Chicago, P. & St. L. R. Co. v. Lewis, 48 Ill. App. 274; St. Louis, I. M. & S. R. Co. v. Saw, 68 Ark. 218, 57 S. W. 258; 1 Sutherland, Pl. p. 245; Riser v. Walton, 78 Cal. 490, 21 Pac. 362; Bartlett v. Odd Fellows' Sav. Bank, 79 Cal. 218, 12 Am. St. Rep. 139, 21 Pac. 743; Weaver v. Mississippi & R. River Boom Co. 28 Minn. 542, 11 N. W. 113; Bank of British Columbia v. Port Townsend, 16 Wash. 450, 47 Pac. 896.

Failure to specify insufficiency of the evidence on any given point is a waiver of any obligation thereto. Rauer v. Fay, 128 Cal. 523, 61

Pac. 90; Nelson v. Jordeth, 15 S. D. 46, 87 N. W. 140; Thompson v. Cunningham, 6 N. D. 426, 71 N. W. 128; Todd v. Winants, 36 Cal. 129; Wetherbee v. Carroll, 33 Cal. 549; Laird v. Upton, 8 N. M. 409, 45 Pac. 1010; Kyle v. Craig, 125 Cal. 107, 57 Pac. 791; Smith v. Kunert, 17 N. D. 120, 115 N. W. 76; Bertelson v. Ehr, 17 N. D. 339, 116 N. W. 335; McNish v. Wolven, 22 S. D. 621, 119 N. W. 999.

In any event, the evidence is sufficient to sustain the verdict. Williams v. Hawley, 144 Cal. 97, 77 Pac. 762; Hayne, New Trials, New ed. §§ 98, 475; Wright v. Roseberry, 81 Cal. 87, 22 Pac. 336; Razzo v. Varni, 81 Cal. 289, 22 Pac. 848.

*Crane & Stone,* for respondent.

All points relied upon must be clearly specified in the statement of errors filed with the notice of appeal. 29 Cyc. 942, 943; Williams v. Hawley, 144 Cal. 97, 77 Pac. 762.

The burden of proving a tender rests upon the party alleging it. Nothing is presumed in favor of an alleged tender. Must be present, absolute, and unconditional, and so understood. 35 Cyc. 178-D; Pittsburg Plate Glass Co. v. Leary, 25 S. D. 256, 31 L.R.A.(N.S.) 746, 126 N. W. 271, Ann. Cas. 1912B, 928; Hopkins v. Gray, 51 Iowa, 340, 1 N. W. 637; Tompkins v. Batie, 11 Neb. 147, 38 Am. Rep. 361, 7 N. W. 747; Williams v. Eikenbery, 22 Neb. 210, 34 N. W. 373; TePoel v. Shutt, 57 Neb. 592, 78 N. W. 288; Brace v. Doble, 3 S. D. 110, 52 N. W. 586; Mann v. Roberts, 126 Wis. 142, 105 N. W. 785; Elderkin v. Fellows, 60 Wis. 339, 19 N. W. 101; Bailey v. Buchanan County, 115 N. Y. 297, 6 L.R.A. 562, 22 N. E. 155; 27 Cyc. 1407, (11); Parks v. Allen, 42 Mich. 482, 4 N. W. 227; Fields v. Danenhower, 65 Ark. 392, 43 L.R.A. 519, 46 S. W. 938; 38 Cyc. 179, E.

Where a man who can read executes an instrument without reading it, trusting to the party to whom it is given to read it to him, he will be guilty of negligence. Woollen v. Ulrich, 64 Ind. 120; Fargo Gaslight & Coke Co. v. Fargo Gas & Electric Co. 37 L.R.A. 598, note; Bacon v. Markley, 46 Ind. 116; Hazard v. Griswold, 21 Fed. 178; Raymond v. Edelbrock, 15 N. D. 231, 107 N. W. 194.

Where mortgage is in good faith, placed in the hands of an attorney for foreclosure, a tender must include the lawful attorney's fee. 27 Cyc. 1408 (lv), 1428 G.; Mjones v. Yellow Medicine County Bank, 45

Minn. 335, 47 N. W. 1072; McEldon v. Patton, 4 Neb. (Unof.) 259, 93 N. W. 938; 38 Cyc. 178 D.; Parks v. Allen, 42 Mich. 482, 4 N. W. 227; Moore v. Norman, 43 Minn. 428, 9 L.R.A. 55, 19 Am. St. Rep. 247, 45 N. W. ·857; Burrows v. Bangs, 34 Mich. 304; Canfield v. Conkling, 41 Mich. 371, 2 N. W. 191; Schumacher v. Falter, 113 Wis. 563, 89 N. W. 485; Johnson v. Huber, 117 Wis. 58, 93 N. W. 826.

The penalties provided by statute for refusal to satisfy mortgages are merely the measure of exemplary damages permitted. They are not in the nature of a fine or forfeiture, but of a penal nature, and must be strictly construed. Shields v. Klopf, 70 Wis. 69, 35 N. W. 284; 27 Cyc. 1425-5; Giffen v. Barr, 60 Vt. 599, 15 Atl. 190; Murray v. Brokaw, 67 Ill. App. 402; Kronebusch v. Raumin, 6 Dak. 243, 42 N. W. 656; 13 Cyc. 109, 118–N.; Louisville & N. R. Co. v. Sanders, 19 Ky. L. Rep. 1941, 44 S. W. 644; Baxter v. Campbell, 17 S. D. 475, 97 N. W. 386 and cases cited; Williams v. Newberry, 32 Miss. 256; Bowie v. Spaids, 26 Neb. 635, 42 N. W. 700; Crete v. Childs, 11 Neb. 252, 9 N. W. 55; Dunbier v. Day, 12 Neb. 596, 41 Am. Rep. 772, 12 N. W. 109; Farmers' Loan & T. Co. v. Montgomery, 30 Neb. 33, 46 N. W. 214.

In charging the jury, it is the duty of the judge to see that every case so goes to the jury that they may have clear and intelligent ideas about the points they are to decide. Brickwood's Sackett, Instructions to Juries, § 155; Putnam v. Prouty, 24 N. D. 517, 140 N. W. 93.

Acceptance of offer or tender was duly and timely made. Moore v. Norman, 43 Minn. 428, 9 L.R.A. 55, 19 Am. St. Rep. 247, 45 N. W. 857; Union Mut. L. Ins. Co. v. Union Mills Plaster Co. 3 L.R.A. 90, 37 Fed. 286; Canfield v. Conkling, 41 Mich. 371, 2 N. W. 191; 27 Cyc. 1425–5, 1428–g; Burrows v. Bangs, 34 Mich. 304; Raymond v. Edelbrock, 15 N. D. 231, 107 N. W. 194; Woollen v. Ulrich, 64 Ind. 120; Fargo Gaslight & Coke Co. v. Fargo Gas & Electric Co. 37 L.R.A. 598, note; Bacon v. Markley, 46 Ind. 116; Hazard v. Griswold, 21 Fed. 178; 20 Cyc. 123–M, and notes; Brenot v. Brenot, 102 Cal. 294, 36 Pac. 672.

An order granting new trial on the ground of errors which occurred during the trial will not be reversed on appeal if it appear that any errors prejudicial to the respondent were committed on the trial. Re Crozier, 74 Cal. 180, 15 Pac. 618; McCarthy v. Loupe, 62 Cal. 300; Nilson v. Horton, 19 N. D. 187, 123 N. W. 397.

BURKE, J.  On December 23, 1909, plaintiff borrowed from the defendant bank the sum of $725, and to secure the debt executed a chattel mortgage upon four horses and 600 bushels of wheat.  At that time plaintiff was living upon a government homestead, but had not made sufficient residence to obtain patent.  A real estate mortgage covering the government homestead, securing the same indebtedness, was signed by the plaintiff and was filed for record the following day.  Plaintiff insists that this mortgage was signed by him through the fraud of the defendant's cashier, who placed the same among the other papers in such a way that it was signed without plaintiff's knowledge of its nature.  There was also executed by plaintiff an application for a loan upon said government homestead in the sum of $1,000, which contains detailed answers to some twenty-seven questions regarding the plaintiff and his financial standing.  Plaintiff insists that this application was signed by him under the same fraudulent circumstances.  The defendant bank insists that plaintiff signed those instruments with full knowledge of their contents, and the cashier and another employee of the bank gave testimony substantiating this position.  The note was extended by the bank until about the 23d day of March, 1912.  In the meantime, plaintiff had a conversation with the cashier of the bank relative to the proposed real estate loan upon his homestead, and had informed the bank that he would need more than $1,000 to pay up his various debts, and the cashier had informed him that the bank could not negotiate such a loan, and that he might obtain a loan elsewhere. This conversation occurred in 1910.  Plaintiff insists that this application for loan was signed shortly before this conversation.  In the spring of 1912, plaintiff secured patent to his land, and had negotiated a loan elsewhere, and went into the banking establishment of the defendant, and asked the cashier how much he owed, and told him he had the money with him to make payment in full.  There is some dispute as to the conversation that followed, but in the main it is agreed that Mr. Orr stated that the amount due upon the note was $845.80, but that the defendant bank demanded $50 damages on account of obtaining the real estate loan elsewhere.  Plaintiff thereupon tendered the said sum of $845.80 in cash, and later deposited the same to the credit of the bank in another reputable bank as a tender of said amount.  Mr. Orr, the cashier, testifies that the tender was made upon the express con-

28 N. D.—19.

dition that the bank release its claim for damages under the real estate
loan application, while plaintiff, his attorney, and the officials of the
other bank maintain that the tender was unconditional.    Plaintiff at
the same time demanded that the defendant bank satisfy the real estate
and chattel mortgage, furnishing suitable forms and offering expenses;
and brings this action under chapter 176, Sess. Laws 1907, to recover
the penalty therein provided "for all damages which he may sustain by
reason of such refusal," and for the forfeit of $100 for failure to dis-
charge real estate mortgage, and $10 for failure to satisfy the chattel
mortgage, as well as upon the common-law liability in tort.    Trial was
had to jury, where the issues were determined in favor of the plaintiff,
and damages assessed in the sum of $800.    Thereafter a statement of
the case was settled containing specifications of error, specifications of
particulars wherein the evidence was claimed insufficient to sustain the
verdict, and exceptions to the instructions of the court to the jury.
Thereafter and on the 16th day of May, 1913, the defendant filed the
following motion for a new trial: "Comes now the defendant and
moves the court to grant the defendant a new trial of said action.    Said
motion is made upon all of the records and files in said action, including
the settled statement of the case, containing specifications of error and
specifications of particulars therein."    Upon the same day a hearing
was had whereupon the plaintiff objected to hearing the same upon the
grounds that said notice of motion for a new trial was defective and
void, because it did not set forth the statutory grounds, or any grounds,
for a new trial, and that the purported specifications of error incor-
porated in the statement of the case failed to specify the particulars
relied upon, nor point out wherein the evidence is insufficient to sus-
tain the verdict, and that the said specifications do not comply with the
statute relative thereto.    On the 9th day of June, the court granted a
new trial and set forth four reasons upon which said order was based, as
follows: "1. That the damages awarded by the jury are so excessive
as to convince the court that they were awarded under the influence of
passion or prejudice, or given as punitive damages under erroneous in-
structions by the court as to the amounts of punitive damages, under
the first and third causes of action alleged in the complaint.    2. That
the evidence, especially that part of the evidence relating to damages, is
insufficient to support the verdict.    3. That the instructions of the court

as to the rights of the jury to award punitive damages under the first and third causes of action alleged in the complaint are erroneous, to the prejudice of plaintiff.  4. That the instructions of the court, as to the amount which the jury might award to plaintiff as a penalty for failure to furnish a certificate of discharge or satisfaction of a lien upon personal property, when such lien was satisfied by the payment of the debt secured thereby, are erroneous, to the prejudice of plaintiff."

This appeal is from this order granting a new trial.

(1) Appellant insists that the trial court should not have entertained the motion for a new trial, because the same was insufficient. Said motion is meager, but refers specifically to the settled statement of the case wherein the errors are set forth.  The motion was made under § 7064, Rev. Codes 1905, which has been since superseded by chapter 131, Sess. Laws 1913.  Thus this decision will apply to a law which has ceased to exist.  We content ourselves, therefore, with saying that we consider the notice sufficient under the law as it existed at the time the motion was made.

(2)  The trial court gives four reasons for granting a new trial.  We consider it unnecessary to discuss more than one of these.  The instructions to the jury contain the following language:  "If you find in favor of the plaintiff on the first and third causes of action in his complaint, that is, for the refusal to satisfy the real estate mortgage and the chattel mortgage; if you further find that the refusal of the defendant to execute a certificate of release and discharge of these mortgages was maliciously done, or was done in a spirit of ill-will and to harass and injure the plaintiff by so refusing, then you have a right to assess as exemplary damages such sum as you think should be assessed against the defendant for his wrongful conduct in that matter.  Of course, if you do not find in favor of the plaintiff as to those causes of action, you cannot consider either actual damages or exemplary damages in either of those two causes of action."

The jury were thus advised that they might allow the actual damages which plaintiff had sustained, also the penalty provided by chapter 176, Sess. Laws 1907, of $100 for the real estate mortgage and $10 for chattel mortgage, and in addition might allow exemplary damages in case the refusal was tainted with malice.  The verdict of $800 would indicate that the jury had assessed exemplary damages.  Respondent

contends that the penalty prescribed by the statute is intended by the legislature to be in lieu of exemplary damages, and cites us to 27 Cyc. 1425, § 5, which reads: "The statutes in force in several states, authorizing the recovery of a specific sum against a mortgagee who fails or refuses to release or satisfy the mortgage on receiving payment thereof, and on being requested to satisfy it, are not unconstitutional. They are not to be regarded as imposing a fine or forfeiture, but only as awarding exemplary damages, although they apply the same penalty in the case of all mortgages, whether large or small." Also page 1427, subdivision D: "In some states, in addition to the fixed penalty, the statute allows the recovery of such damages as may be shown, but these include only such damages as are the natural and necessary result of the mortgagee's breach of duty, and the mortgagor is not entitled to exemplary damages where he is not shown to have been actually injured."

Shields v. Klopf, 70 Wis. 69, 35 N. W. 284; Giffen v. Barr, 60 Vt. 599, 15 Atl. 190, wherein it is said: "At the trial the defendant contended that exemplary damages could not be recovered in this action, and excepted to the holding of the court to the contrary. We think this holding was error. Whether the plaintiff might not have maintained a common-law action for the neglect or refusal of the defendant to discharge the mortgage upon proper request after the mortgage was satisfied, and in such action have recovered upon proof of wilful neglect, exemplary damages need not be determined. This is not such an action, but an action upon the statute by which, for the refusal or neglect to discharge the mortgage . . . the plaintiff was entitled to recover a fixed sum, $10, and 'all damages occasioned' by the neglect or refusal. The fixed sum of $10 was evidently intended as the limit of the damages recoverable for the neglect or refusal above 'all damages occasioned thereby.' Exemplary damages are based upon the wilful misconduct of the defendant in the transaction, and are not recoverable as a matter of right, are largely in the sound discretion of the jury, and cannot be said to be damages occasioned by the neglect or refusal of the defendant. Having based his action upon the statute, the plaintiff must be confined in recovery of damages to the limits given by the statute. Hence, in this form of action, based as it is upon the statute, it was error for the court to tell the jury that the plaintiff could re-

cover exemplary damages, if he showed he was entitled to any actual damages." See also Mickie v. McGehee, 27 Tex. 135.

Appellant, however, contends that the citations above given apply only to actions brought to recover the statutory penalty, whereas the action herein is upon five separate counts, one of which relates to the statutory penalty, and another to the common-law cause of action in tort. We do not believe this makes any difference. The legislature, by singling out this particular tort and imposing $100 penalty in addition to all actual damages, undoubtedly considered the subject of penalties, and had they intended that punitive damages should be allowed in cases of malice, that provision would have been inserted in the law. In other words, having specifically legislated upon the subject of penalty, it will be presumed that the common law upon the subject was modified. It was thus error of the trial court to give the instruction above mentioned, and a new trial was properly granted. . .