(No. 5417.   May 2, 1930.)

ADA NEWBY, Appellant, v. CITY OF ST. ANTHONY,
a Municipal Corporation, Respondent.

[287 Pac. 953.]

F. A. Miller, B. H. Miller and J. R. Smead, for Appellant.

F. L. Soule, James G. Gwinn and G. W. Soule, for Respondent.

VARIAN, J.—Appeal from order granting motion for a new trial. Appellant contends that the notice of motion for a new trial was so defective in form and deficient as to its contents that it could not confer jurisdiction on the trial court, and that, if it did confer jurisdiction, there was nothing before the trial court upon which it could grant the motion; in other words, that the notice of motion fails to state sufficient grounds for relief, and that the motion for a new trial was not served upon appellant.

The statute (C. S., sec. 6890) requires the party moving for a new trial to "file with the clerk and serve upon the adverse party a notice of his motion designating the grounds upon which the motion will be made."

Omitting the title of the court and cause and formal address, the notice reads:

"You, and each of you, are hereby notified that the defendant will apply to the court for a new trial of the above entitled cause. Motion for a new trial will be grounded upon the files and records in the case. The motion, together with the grounds upon which it is made are hereto attached."

According to the trial judge's certificate, the motion for a new trial was firmly stapled to the notice, and both were filed as one paper and were considered together by him as one instrument. In the motion for new trial, certain of the statutory grounds (C. S., sec. 6888) for a new trial are clearly set forth, as that the verdict is excessive and appears to have been given under the influence of passion and prejudice.

At the hearing on appeal, appellant's counsel admitted that he had received the notice of motion for a new trial in time, but that the so-called motion for a new trial was not attached to the notice when served, but that a copy was furnished him at the hearing. While the record itself is silent as to any service of the notice or motion, it affirma-

tively shows that appellant's counsel appeared in court and contested the motion.

The form of the notice is immaterial so long as it complies with the requirements of the statute. (See 46 C. J., p. 306.) The notice and motion in this case were considered as a single document, and together constitute a valid notice of motion for a new trial. (See *Swallow v. First State Bank*, 28 N. D. 283, 148 N. W. 630; *Boarman v. Hinckley*, 17 Wash. 126, 49 Pac. 226.)

If counsel for appellant was not in fact served with the complete notice of motion for a new trial, it was his duty to object on that ground at the time of the hearing of the motion, and a failure so to object at that time precludes objection being made in this court. (*Naylor v. Lewiston & Southeastern Elec. Ry. Co.*, 14 Ida. 789, 96 Pac. 573. See, also, 46 C. J., 312; 1 Spelling on New Trial and Appellate Practice, sec. 375; 1 Hayne on New Trial and Appeal, Rev. ed., pp. 71–74; *Town of Fairburn v. Brantley*, 161 Ga. 199, 130 S. E. 67; *Cereghino v. Cereghino*, 4 Utah, 100, 6 Pac. 523; *MacMahon v. Hull*, 63 Or. 133, 119 Pac. 348, 124 Pac. 474, 126 Pac. 3.)

The reporter's transcript was not incorporated into the record here, and therefore we cannot consider any of the alleged errors committed by the trial judge in granting a new trial.

By motion to dismiss the appeal, respondent attacks the only assignment of error in appellant's brief to the following effect:

"The trial court erred in granting defendant's and respondent's motion for a new trial, and in making and entering an order to that effect."

This assignment is not sufficient, and does not comply with the requirements of Rule 40 of this court. (*Wheeler v. City of Caldwell*, 48 Ida. 77, 279 Pac. 412; *Oregon Short Line Ry. Co. v. Ballantyne*, 48 Ida. 351, 282 Pac. 80; *In re Skinner's Estate*, 48 Ida. 288, 282 Pac. 90.)

The order granting a new trial is affirmed. Costs to respondent.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.