236 P.2d 1006

**DAVIS v. ROGERS.**

**No. 7802.**

Supreme Court of Idaho.

Oct. 16, 1951.

34

A. A. Merrill, Idaho Falls, for appellant.

Albaugh, Bloem, Barnard & Smith, Idaho Falls, for respondent.

PORTER, Justice.

Appellant has filed in this court a motion to strike from the transcript respondent's "Detailed Specifications of Grounds on Motion for a New Trial". Such motion, being not resisted by respondent, is hereby granted.

On October 30, 1945, appellant purchased from respondent 3200 acres of land in Bonneville County under the terms of a conditional sale contract. On June 6, 1949, appellant, being greatly in arrears in his payments, transferred his equity in such land to respondent by quitclaim deed. The consideration recited in the deed is "One Dollar and other valuable considerations". By his amended complaint, appellant alleges it was verbally agreed that as consideration for the quitclaim deed, respondent would pay appellant $5000 in cash and would cancel appellant's $1500 note to respondent. Appellant seeks in this action to recover the $5000 and to have the $1500 note cancelled.

The answer of respondent alleges the oral agreement between the parties was " * * * that if plaintiff would relinquish said contract of sale by executing a conveyance of all his right, title and interest in said lands and premises and surrender immediate possession of said premises to the defendant, the defendant would resell said lands and premises as soon as he could find a suitable and qualified buyer, and in the event the net proceeds of such resale exceeded said indebtedness of $49,835.85 of plaintiff to the defendant, would give to plaintiff any excess of the net proceeds of any such resale over and above such indebtedness, or in the event the net proceeds of such sale were less than the amount of the indebtedness remaining on said contract of sale, would waive any deficiency and would release plaintiff from any and all claims except for the amount of said promissory note and the interest thereon." On June 29, 1949, the premises were sold by respondent for the sum of $48,000.

Upon the trial of the case the jury returned a verdict in favor of appellant and

**36**

judgment was entered thereon. A motion for new trial was made by respondent. An appeal from the judgment was also taken by respondent. An amended motion to strike the motion for new trial was filed by appellant. Thereafter, the amended motion to strike motion for new trial was denied and the motion for new trial was granted. After the motion for new trial had been granted, respondent dismissed his appeal from the judgment. Appellant has appealed to this court from the order granting the new trial.

We will not discuss the assignments of error in the order set out in the brief of appellant, but will consider the questions raised by appellant in a more convenient sequence.

■ Appellant contends when respondent perfected his appeal from the judgment, the trial court lost jurisdiction of the cause and was without power to grant the motion for new trial; and when the appellate court dismissed the appeal from the judgment on motion of respondent, such action amounted to an affirmance of the judgment, and also barred further proceedings in the trial court. Appellant's amended motion to strike motion for new trial was on the ground respondent abandoned his motion for new trial by appealing to the Supreme Court from the judgment. This court has heretofore decided adversely to appellant's contentions. In Miller v. Prout, 32 Idaho 728, at page 730, 187 P. 948, at page 949, this court held: "* * * an appeal from a judgment does not divest the jurisdiction of the trial court to pass upon or to grant a motion for a new trial, which operates to vacate the judgment. 1 Hayne, New Trial and Appeal (Rev. Ed.) 15, § 2; Naglee v. Spencer, 60 Cal. 10; Rayner v. Jones, 90 Cal. 78, 27 P. 24; Knowles v. Thompson, 133 Cal. 245, 65 P. 468."

In Idaho Gold Dredging Corp. v. Boise Payette Lumber Co., 54 Idaho 270, at page 276, 30 P.2d 1076, at page 1078, it was said: "Proceedings for a new trial and appeals from judgment are independent remedies. Both remedies may be pursued at the same time or either may be pursued without the other. * * * If on an appeal from a judgment the judgment is affirmed, the court still has power, under the statute, to grant a new trial and set aside the judgment even though affirmed on appeal, but, if a judgment should be reversed upon appeal, granting a new trial is of no practical benefit since reversal of a judgment upon appeal of itself calls for a new trial, unless the appellate court otherwise disposes of the action, and, if the appellate court on appeal should dispose of the action, granting a new trial will not reinstate it."

■ Appellant urges the trial court was without jurisdiction to consider the "Motion for a New Trial" as respondent did not file a "Notice of Intention to Move for a New Trial" as contemplated by Section 10-604, I.C. The material part of such section is as follows: "Notice of intention.— The party intending to move for a new trial

must, within ten days after the verdict of the jury, if the action were tried by a jury, or after notice of the decision of the court or referee, if the action were tried without a jury, file with the clerk and serve upon the adverse party a notice of his motion designating the grounds upon which the motion will be made, and whether the same will be made upon affidavits, or the records and files in the action, or the minutes of the court."

It will be observed such section does not require the filing of a notice of intention but provides for the filing of notice of motion. It is immaterial whether the instrument be entitled "Notice of Motion for New Trial" or "Motion for a New Trial". Its effect is to be tested by what it contains rather than by what it is called. It is sufficient if its contents meet the statutory requirements. Times Printing, etc., Co. v. Babcock, 31 Idaho 770, 176 P. 776; Smith v. Neeley, 39 Idaho 812, 231 P. 105; Newby v. City of St. Anthony, 49 Idaho 299, 287 P. 953; Friel v. Kimberly-Montana Gold Mining Co., 34 Mont. 54, 85 P. 734; Swallow v. First State Bank, 28 N.D. 283, 148 N.W. 630. In Boarman v. Hinckley, 17 Wash. 126, 49 P. 226, the court, in considering a similar question, said: "The first contention of appellant is that no notice of intention to move for a new trial was filed within two days after rendition of the verdict, as required by the statute; but the motion itself, specifying the grounds assigned for a new trial, was filed and served on the defendant within the time required by statute. * * * The motion for a new trial filed by plaintiff in this case fully advised the defendant of plaintiff's intention to move for a new trial, and specified the grounds. The motion itself here fulfills the function of the notice required by the statute."

An examination of the Motion for a new Trial discloses it is sufficient to meet the statutory requirements of a notice of motion.

The motion for a new trial was granted by the court on the ground of the insufficiency of the evidence. Appellant takes the position the motion does not sufficiently specify the particulars in which the evidence is alleged to be insufficient to permit the trial court to consider such ground for new trial. Section 10–604, I.C., provides, in part, as follows: "When the motion is to be made upon minutes of the court, and the ground of the motion is the insufficiency of evidence to justify the verdict or other decision, the notice of motion must specify the particulars in which the evidence is alleged to be insufficient; * * *."

The motion for new trial, among other things, is based upon the insufficiency of the evidence, and in this respect, reads as follows:

"a. The evidence is wholly insufficient to support the allegation that on or about the 1st day of June, 1949, at Idaho Falls, Idaho, the defendant B. M. Rogers entered into a verbal agreement with the plaintiff whereby it was agreed that if the plaintiff

and his wife would sell and convey to the defendant the real estate described in Exhibit "A", the defendant would pay to the plaintiff the sum of $5,000.00 cash and would cancel a $1500.00 promissory note plus interest thereon which he, the defendant, was holding.

"b. The evidence is wholly insufficient to support the allegation that after the plaintiff and his wife had conveyed said property to the defendant B. M. Rogers by delivering to him the said deed of conveyance, the defendant wrongfully refused and still refuses to pay to the plaintiff said $5,000.00 or any part thereof and to cancel said promissory note in the amount of $1500.00 and the interest thereon.

"c. The evidence is wholly insufficient to support the allegation that the plaintiff received no consideration whatsoever from the defendant for the deed marked Exhibit "A" and attached to the complaint."

In passing on the sufficiency of the specifications in which the evidence is alleged to be insufficient, this court, in Bernier v. Anderson, 8 Idaho 675, at page 684, 70 P. 1027, at page 1029, said: "If the specifications designate some particular fact, and aver that it is not justified by, or not sustained by, or contrary to, the evidence, they are sufficient. The following specification was held sufficient, to wit: 'The evidence is insufficient to show that plaintiff was the owner of the land at the time of this sale.' Kelly v. Mack, 49 Cal. [523] 524."

The question was discussed in Palmer v. Northern Pac. Ry. Co., 11 Idaho 583, 83 P. 947, and the rule laid down in Bernier v. Anderson, supra, was approved and followed. See also, Barker v. McKellar, 50 Idaho 226, 296 P. 196. Tested by the foregoing rule, the specifications of the insufficiency of the evidence contained in the motion for new trial are sufficient.

Finally, appellant urges there was substantial evidence to sustain the verdict of the jury and that it was an abuse of discretion for the trial court to grant a new trial. The rule that where there is a substantial conflict in the evidence the judgment will not be reversed on appeal, has no application to a trial court when exercising his jurisdiction in passing upon a motion for a new trial. Bernier v. Anderson, supra; Jones v. Campbell, 11 Idaho 752, 84 P. 510; Wolfe v. Ridley, 17 Idaho 173, 104 P. 1014. While the record discloses substantial, though conflicting evidence sufficient to sustain the verdict of the jury, on the other hand, the full testimony of appellant and his actions as disclosed by the record after the quitclaim deed was given, may be thought to be contradictory to his direct testimony as to the oral agreement, and to, in effect, sustain the position of respondent. In Riggs v. Smith, 52 Idaho 43, at page 47, 11 P.2d 358, at page 359, it was said: "The granting of a new trial on the ground of insufficiency of the evidence is addressed to the sound legal discretion of the trial court, and un-

less there has been a clear abuse of such discretion the order will not be disturbed on appeal, and a new trial may be allowed where evidence is conflicting or where the trial court is satisfied that the verdict is not supported by or is contrary to the evidence."

See also, Hall v. Johnson, 70 Idaho 190, 214 P.2d 467, where the Idaho authorities on this point are reviewed. The record does not disclose an abuse of discretion on the part of the trial court in granting the motion for new trial.

The order granting the new trial is affirmed. Costs awarded to respondent.

GIVENS, C. J., and TAYLOR, THOMAS and KEETON, JJ., concur.